### Frederick H. Hill v. James E. Hatfield.

1. CONTRACTS—*In Writing, Can Not be Varied by Parol Evidence.*— All verbal agreements made before or at the time of the execution of a written contract concerning the subject-matter thereof, are conclusively merged into the written instrument, and it can not be added to or changed by parol evidence.

**Assumpsit**, on the common counts. Appeal from the Circuit Court of McLean County; the Hon. THOS. F. TIPTON, Judge, presiding. Heard in this court at the May term, 1897. Reversed and remanded. Opinion filed December 2, 1897.

N. W. BRANDICAN and LILLARD & WILLIAMS, attorneys for appellant.

If the written contract between appellant and appellee was not the true contract they intended, then the remedy was not to sue at law for the breach of an agreement *dehors* the written contract, but by bill in equity to reform

the written contract to the true intent of the parties. Hunter v. Bilyeu, 30 Ill. 228; McCornack v. Sage, 87 Ill. 484; Sapp v. Phelps, 92 Ill. 588.

All antecedent, and all contemporaneous verbal agreements, and all conversations and declarations made before, at the time of, and immediately after the execution of the written contract, are merged into the written instrument. Smith v. Price, 38 Ill. 29; Mosher v. Rogers, 117 Ill. 446; Coey v. Lehman, 79 Ill. 173; Packard v. Van Schoick, 58 Ill. 79; Purinton v. Northern Illinois R. R. Co., 46 Ill. 297; Abrams v. Pomeroy, 13 Ill. 133; Pickrel v. Rose, 87 Ill. 263; Clark v. Crandall, 3 Barb. 612; Frost v. Everett, 5 Cowan, 497; Wadhams v. Swan, 109 Ill. 60.

JACOB P. LINDLEY, attorney for appellee.

Evidence is admissible to show that a part only of a written contract was reduced to writing and parol evidence may be introduced to supply the rest of the agreement. Peterson v. Chicago, R. I. & P. R. R. Co., 80 Iowa, 92; Covel v. Benjamin et al., 35 Ill. App. 297; Nissen v. Genesee Gold Min. Co., 104 N. C. 309; Cumming v. Barber, 99 N. C. 332; Terry v. Danville, M. & S. W. R. R. Co., 91 N. C. 236; Sherrill v. Hagan, 92 N. C. 345.

Evidence to show a verbal collateral promise is admissible to show an additional consideration for the execution of a written contract. Rice on Evidence, Vol. 1, 288; Wood v. Moriarty, 15 R. I. 518; Kickland v. Menasha Wooden Ware Co., 68 Wis. 34; Ludeke v. Sutherland, 87 Ill. 481.

A collateral agreement made prior to or contemporaneous with a written agreement, but not inconsistent with or affecting the terms may be given in evidence. Erskine v. Adeane, 8 L. R. Ch. App. 756; Morgan v. Griffith, 6 L. R. Exch. 69.

Parol evidence is admissible to establish a contemporaneous oral agreement which induced the execution of a written contract though it may vary, change or reform the instrument. Ferguson v. Rafferty, 6 L. R. A. 33, 128 Pa. St. 337; Rice on Evidence, Vol. 1, 318; Nissen v. Genesee

Gold Min. Co., 104 N. C. 309; Wanner v. Landis, 137 Pa.
61; Halpin v. Stone, 78 Wis. 183; Peterson v. Chicago R.
I. & P. R. R. Co., 80 Iowa, 93.

While it is a general rule that written contracts which
are complete and which contain the whole contract can not
be varied by parol, this rule is not universal except in
respect to contracts relating to personal property. But
contracts in respect to the sale and conveyance of land
form an exception to this general rule. Rice on Evidence,
Vol. 1, 283, Sec. 174; Green v. Batson, 71 Wis. 54; Hahn
v. Doolittle, 18 Wis. 206; Chapin v. Dobson, 78 N. Y. 74;
Ludeke v. Sutherland, 87 Ill. 481.

An oral agreement of warranty of the quality or quantity
of land sold is collateral to the contract of sale. And where
an oral contract of sale was made which contained such a
warranty and the agreement was reduced to writing not
including the warranty, parol evidence of the warranty was
admitted. Rice on Evidence, Vol. 1, 264; Chapin v. Dob-
son, 78 N. Y. 74; Ludeke v. Sutherland, 87 Ill. 481.

The rule that parol evidence is not admissible does not
apply where the contract was verbal and entire and only a
part was reduced to writing, nor does it apply to collateral
undertakings. Greenleaf on Evidence, Vol. 1, Sec. 284a;
Rice on Evidence, Vol. 1, 264; Potter v. Hopkins, 25 Wend.
417; Batterman v. Pierce, 3 Hill, 171; Filkins v. Whyland,
24 N. Y. 344; Chambers v. Livermore, 15 Mich. 381.

MR. JUSTICE BURROUGHS DELIVERED THE OPINION OF THE
COURT.

Appellant and appellee, at the date thereof, entered into
a contract in writing as follows:

" This agreement made and entered into this 26th day of
August, 1895, by and between Fred. H. Hill of the one part,
and J. E. Hatfield of the other part, *witnesseth:*

That the said Fred. H. Hill agrees to sell to said J. E.
Hatfield the west half ($\frac{1}{2}$) of section thirty-five (35), town
twenty-four (24) north, range six (6) east of the 3d P. M.,
McLean county, Illinois, for the sum of twenty-two thou-

sand six hundred and eighty ($22,680) dollars.   As a part of the purchase price, the said Hatfield is to assume a mortgage thereon for the sum of eleven thousand and two hundred ($11,200) dollars, the interest on the same to be paid by the said Hill up to March 1, 1896; and by this agreement the said Hatfield agrees to sell to said Hill 193.29 acres of land in section four (4), town twenty-one (21) N., R. 2 E., 3d P. M., being the same land deeded by John C. Short to the said Hatfield, for the sum of fourteen thousand five hundred ($14,500) dollars.   The said Hill is to assume as part of the purchase price, a mortgage of four thousand and five hundred ($4,500) dollars on said land with interest from March 1, 1896.   The balance of purchase money due to said Hill, $1,480, is to be paid by said Hatfield to said Hill December 1, 1896, the said Hatfield giving to said Hill his note for the same with interest at six per cent after March 1, 1896; the said note to be with approved security; the said Hill is to execute to said Hatfield a good and sufficient warranty deed for the land herein provided to be deeded to Hatfield, and furnish abstract, showing good title to the same.   The said Hatfield is to give to said Hill a quit-claim deed for the north half of the southwest quarter ($\frac{1}{4}$) of section four (4), and twenty (20) acres off the south side of the northwest quarter ($\frac{1}{4}$) of section four (4), and a warranty deed for the remainder of the Short farm, and furnish abstract showing good title to such remainder.   Deeds are to be executed by both parties September 21, 1895, and left in the hands of Rowell, Neville & Lindley, to be held in escrow, and delivered to the parties respectively, on the 1st of March, 1896, upon the presentation of evidence showing the interest paid on the mortgages respectively mentioned in this agreement.

Each party is to retain possession of the lands herein sold until March 1, 1896, and have the rents and profits thereof, and each to pay taxes on his lands for the present year; that is to say, taxes due for 1895–6 and payable in the spring of 1896.

Each party agrees to forfeit the sum of one thousand dollars as agreed and liquidated damages, payable to the

other, in case of a failure on his part to comply with the terms of this contract.

Signed in duplicate the day and year above written.

(Signed)     FRED. H. HILL,<br>J. E. HATFIELD."

After the making and delivery of said contract the parties thereto, in compliance with the terms thereof, executed and delivered the deeds, paid the interest and took possession of the premises in said contract, as therein provided, giving the note also in said contract provided. After this was done appellee brought this suit against appellant in assumpsit, and on the trial thereof contended that appellant, prior to the execution and delivery of said contract, had represented the west half of section 35 aforesaid contained 330 acres; when in fact, upon a survey thereof, after the execution of said contract and delivery of the deeds and taking possession of the said lands by appellee and appellant, respectively, it was found by actual survey that it contained only 323.43 acres, making it short just 6.57 acres; claiming also that appellant, at the time he made said representation, promised appellee to pay him back the value of this shortage, if any. Appellant's contention in the court below and in this court is, that he never represented his land he traded to appellee contained 330 acres, and that appellee and appellant having made the written contract aforesaid, which is complete, full and unambiguous, the same can not be varied, changed or added to by any antecedent or contemporaneous verbal agreement, but that all conversations and declarations made before, or at the time of the execution of the written contract, are merged into it.

On the trial the court below admitted, over the objections of appellant, evidence tending to show that appellant, before and at the time of the execution of said contract, had represented to appellee that said half-section of land contained 330 acres, and promised, in case of a resurvey thereof by appellee, if it was found to be short of that number of acres, appellant would refund the value of said shortage to appellee; and instructed the jury, at the request of the appellee, in

case they believed from the evidence that appellant had so represented and promised, and that there was such shortage, then they should find for appellee, etc.; to the giving of these instructions appellant objected and excepted. This, we think, was error, because this evidence and these instructions permitted appellee to vary and add to the written contract of sale, by parol evidence of what was said by the parties before and at the time of making said written contract, which, in our opinion, ought not, under the law, to have been done by the court below.

The jury, upon considering this erroneous evidence, thus admitted, and following the erroneous instructions given by the court, found a verdict for appellee for $444.18; upon which, after overruling appellant's motion for a new trial, the court gave judgment for appellee.

In his brief appellee insists that this judgment ought to be sustained, on the doctrine laid down in the case of Ludeke v. Sutherland, 87 Ill. 481. But we think the facts in this case do not bring it within the rule as laid down in that case; in that case the parties had verbally agreed to a sale of a tract of land, thought to contain 140 acres, at the price of $27 per acre; but they further agreed verbally, at the time the sale was agreed upon, "that after the deed was made and the consideration paid (the same being computed at 140 acres at $27 per acre), that the parties were to have the land measured, and if there was more than 140 acres in the tract of land thus conveyed, then the excess should be paid for at the rate of $27 per acre." The deed was made and the consideration of $3,780 (being $27 per acre for 140 acres) was paid in exact conformity with the verbal agreement of the parties. In the deed, as made, the land was described as "containing 140 acres, more or less." The land being afterward measured, as provided for in the verbal agreement, was found to contain 8.74 acres more than 140 acres; upon refusal to pay for this excess, suit was brought therefor at $27 per acre, and judgment obtained; which was sustained by the Supreme Court upon the ground that the making of the deed was but a part fulfillment of the parol

agreement, and that the further agreement to pay for this excess of 140 acres might be proved by parol, as the proof thereof did not vary or modify the terms and legal effect of the deed which had been made in part fulfillment of the original agreement of sale.

But how is it with the case at bar? Here the contract of the sale of the lands described therein is in writing, and contains all the terms and provisions of said contract. Yet, appellee insists that he ought to be permitted to show that appellant, during the parol negotiations preceding the written contract, had represented that the said half section contained 330 acres, and by reason thereof appellee had paid more for it than he would have, had he then known it only contained 323.43 acres, and that he had secured verbally an agreement from appellant to refund the price of deficit in case, on measurement, it was short of 330 acres. If this was so represented and agreed at the time of the negotiations agreed upon, why was it not incorporated into the written contract of sale, in evidence in this case? To permit it to be shown now would undoubtedly vary and add to this written contract of sale, which can not be done, as all antecedent contemporaneous verbal agreements made before, or at the time of the execution of a written contract, concerning the same subject-matter thereof, are conclusively merged into the written instrument. Smith v. Price, 39 Ill. 28; Mosher et al. v. Rogers, 117 Ill. 446; Coey v. Lehman et al., 79 Ill. 173; Packard et al. v. Van Schoick, 58 Ill. 79; Pickrel v. Rose, 87 Ill. 263.

Inasmuch as the court below committed reversible error in admitting the improper evidence complained of in this case, and followed it up by giving to the jury erroneous instructions, based upon this erroneous evidence, the judgment herein based thereupon must be reversed, and we do reverse the same, and remand the case to the court below for such further proceedings herein as do not conflict with the views in this opinion expressed. Reversed and remanded.