## Eagle Fire Insurance Company v. John Spry Lumber Company.

### Gen. No. 13,616.

1. JURISDICTION—*when court of law without.* A court of law is without jurisdiction to reform or correct a written instrument.

2. CONTRACTS—*how enforced in courts of law.* In a court of law the parties will be held bound by their written contract, the words of which will be taken in their ordinary acceptation, and what the words mean will be held to be conclusive of the intention of the parties.

Assumpsit. Appeal from the Superior Court of Cook county; the Hon. WILLARD M. McEWEN, Judge, presiding. Heard in this court at the March term, 1907. Affirmed. Opinion filed February 13, 1908.

BEACH & BROWN, for appellant.

ADAMS & FROEHLICH, for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

Appellee sued appellant on a policy of insurance, which contains the following:

"The Eagle Fire Company of New York in consideration of the stipulations herein named and of Thirty-six and 90/100 Dollars premium does insure the John Spry Lumber Company for the term of One Year from the 24th day of January, 1905, at noon, to the 24th day of January, 1906, at noon, against all direct loss or damage by fire, except as hereinafter provided, to an amount not exceeding One Thousand Dollars to the following described property while located and contained and described herein, and not elsewhere, to-wit:

"JOHN SPRY LUMBER COMPANY.

$1000.00—On Lumber, lath, shingles, pickets, posts, timber, or other merchandise, not more hazardous, their own or held by them in trust, or on commission, or sold but not delivered, all contained in their yard, or in buildings, sheds, or cars on track in said yard, situated

on. the East side of Ashland Avenue, extending north from the West Branch of the South Branch of the Chicago River, Chicago, Illinois.

Other insurance permitted until required.

Warranted by the assured that streets shall be kept clear of lumber; that piles of lumber shall not exceed 35 feet in height; and that a clear space of 65 feet shall be maintained between lumber and mill and addition on south.''

Then follow customary provisions, in respect to which no question is made.

The testimony is in the usual form in such cases as this, and its sufficiency is not questioned. The defendant pleaded the general issue unverified. The parties waived trial by jury and submitted the cause to the court for trial. The court found the issues for the plaintiff and assessed its damages at the sum of $768.09, and entered judgment for that sum and costs. It is not claimed by the defendant that the evidence is not amply sufficient to sustain the judgment. The claim of the defendant is that it is not liable on the policy. It is contended by defendant's counsel that the defendant's intention was to insure only the property in that part of the plaintiff's yard north of the clear space of sixty-five feet, which was maintained by the plaintiff, in accordance with the terms of the policy, which property was not destroyed by the fire which occurred October 6, 1905. The property destroyed by that fire was in the yard described in the policy, and was south of the sixty-five feet space. It is not contended that the last property was not included in the description of property in the policy, nor is it contended that the plaintiff procured the execution of the policy by fraud. The sole contention, as above stated, is that the defendant intended to insure only the property north of the sixty-five feet space. In other words, that the writing of a policy which includes all property in defendant's yard of the kinds described in the policy was a mistake. The defendant introduced evidence which

its counsel claim tends to prove the mistake. To discuss this evidence would be a mere waste of time, for the reason that a court of law has no jurisdiction to correct mistakes in written contracts. In a law court the parties will be held bound by the written contract, the words of which will be taken in their ordinary acceptation, and what the words mean will be held to be conclusive of the intention of the parties. "In the construction of contracts the intention of the parties, to be ascertained from the words employed, the connection in which they are used and the subject-matter in reference to which the parties are contracting, must control, and 'courts are powerless to interpolate terms and conditions into the contract to which the minds of the parties have not given consent." Hayes v. O'Brien, 149 Ill. 403, 414. "When the language employed is unequivocal, although the parties may have failed to express their real intention, there being no room for construction, the legal effect of the instrument will be enforced as written. Intention of the parties is not to be determined from previous understandings or agreements, but must be ascertained from the instrument itself, which they execute as their final agreement; otherwise written evidence of an agreement would amount to nothing." Clark v. Mallory, 185 Ill. 227, 232.

The policy in question is plain, unambiguous and unequivocal, and clearly includes in unmistakable terms the property lost by the fire of October 6, 1905.

The judgment will be affirmed.

*Affirmed.*