## George W. Niedringhaus et al., Appellees, v. Aetna Insurance Company, Appellant.

INSURANCE—*inadmissibility of parol evidence to supply omission in description of insured property in action at law.* Parol evidence that an insurance agent intended to insure certain hay sheds on an adjoining section for $1,000 along with a barn for $2,500, described in the policy as having sheds "attached" and insured at $3,500, is inadmissible in an action at law on the policy for loss of the sheds, the policy being unambiguous and the practical object of the evidence being reformation of the policy.

Appeal by defendant from the Circuit Court of Cook county; the Hon. Louis Bernreuter, Judge, presiding. Heard in this court at the October term, 1924. Reversed with finding of facts. Opinion filed February 9, 1925.

Leahy, Saunders & Walther and Williamson, Simpson & George, for appellant.

M. R. Sullivan and F. C. Sharp, for appellees.

Mr. Justice Barry delivered the opinion of the court.

On November 7, 1920, appellant issued to appellees a policy of insurance in which the property insured was described as follows: "$3500.00 on barn and sheds attached, including foundations and fixtures therein or thereon marked No. 1 on diagram on application, * * * situated on and confined to sections 11 and 14, Town 3, Range 10 in Madison County, Ill." The barn referred to was located on Section 11, but no shed was attached thereto. All of the above quotation was a part of the printed standard form except the amount of insurance, the numbers of the sections, town, range and the name of the county and State. When the policy was issued, appellees owned a hay shed on section 14, three-quarters of a mile from

the barn. That hay shed was destroyed on May 12, 1923, and appellees made claim for the amount of their loss. Appellant denied liability and appellees sued in assumpsit and recovered a verdict and judgment for $870.

The policy was issued by the local agent of appellant at Granite City but he had ceased to be such agent at the time the case was tried. Appellees were permitted to prove, over objections, that before the policy was issued their agent discovered that the hay shed was not insured; that such agent informed appellant's local agent that appellees wanted insurance thereon; that the two agents went to the premises and examined the hay shed; that appellant's agent then told appellees' agent he would place $1,000 on it; that he did not issue a separate policy therefor but simply increased the insurance on the barn from $2,500 to $3,500 and that the increase of $1,000 was intended to represent the insurance on the hay shed. Both agents testified that such were the facts.

Under this parol evidence the jury, in effect, reformed the policy so as to read that the barn described therein was insured for $2,500 and that the hay shed, which was not described, was insured for $1,000. In many cases a plaintiff may offer parol evidence, in an action at law, to prove waiver or estoppel in order to avoid a forfeiture or breach of an insurance contract. Many authorities hold that if the property insured is correctly described except as to its exact location, parol evidence is admissible to show that the agent of the insurance company had full knowledge of its location at the time the policy was issued. Many causes of forfeiture may be avoided by such proof. No case has been cited which holds that parol evidence is admissible, in an action at law, to show that the parties intended to insure property not described in the policy. So far as we are advised, no court has so held in States where the distinction between law and equity jurisdiction is preserved.

A contract of insurance which relates to one definite and distinct subject cannot be turned into a contract for the insurance of another and different subject on proof that the agent of the company by mistake described the wrong property, that is, in an action at law. *Sanders v. Cooper,* 115 N. Y. 279, 5 L. R. A. 638; *Holmes v. Charleston Mut. Fire Ins. Co.,* 10 Metc. (Mass.) 216; *Franklin Fire Ins. Co. v. Hellerick,* 20 Ky. L. Rep. 1703, 49 S. W. 1066; *Fuller v. Phœnix Ins. Co.,* 61 Iowa 350, 16 N. W. 273; *North American Fire Ins. Co. v. Throop,* 22 Mich. 146; *Ferguson v. Lumbermen's Ins. Co.,* 45 Wash. 209, 88 Pac. 128.

In the absence of ambiguity in the terms of a policy parol evidence is not admissible for the purpose of extending the policy to cover property not included in the description. 26 Corpus Juris 77. The language of the policy being chosen by the insurer, it should be construed, if practicable, so as to cover the subject-matter intended to be covered, and a policy which describes the property in comprehensive terms, or under a general description, covers whatever is commonly known by such general name or is necessarily or reasonably presumed to be within the terms used and within the intention of the parties. But the description will not be extended so as to include property plainly not within the terms of the policy. 26 Corpus Juris 87.

The rule is well settled that, at law, in the absence of ambiguity or uncertainty, parol evidence is inadmissible to show that other property not answering the description contained in a contract or bill of sale was included or intended to be included therein. *O'Reer v. Strong,* 13 Ill. 688; *Hutton v. Arnett,* 51 Ill. 198; *Winnesheik Ins. Co. v. Holzgrafe,* 53 Ill. 516; *Rockwell v. Martens-Leary Co.,* 145 Ill. App. 403; *Patchin v. Crossland,* 145 Ill. App. 589.

An insurance policy issued May 22, 1874, contained

a recital that it would expire on April 2, 1874. The real intention was that it would expire April 2, 1875. The property was destroyed in November, 1874, and payment was refused. The insured filed a bill to reform and enforce the contract. It was urged that there was an adequate remedy at law. The court said that a court of law would have seen that there was clearly a mistake because the date of expiration was an impossible one. But to have justified such a court in disregarding the ambiguity and enforcing the contract according to the intent of the parties, it must have clearly and satisfactorily appeared from the face of the policy not only that there was a mistake in the language of the policy, but also that it was the real intention of the parties; that there was no more reason for a court of law to conclude from the face of the policy that the mistake was in the year than in the month and that the case was one calling for information instead of construction. *Mercantile Ins. Co. v. Jaynes*, 87 Ill. 199.

We find nothing in the language of the policy that renders the subject of the contract ambiguous or uncertain. It clearly relates to one definite and distinct property and cannot be turned into a contract for the insurance of another and different building, in a court of law, on parol proof, that the agent of appellant by mistake did not describe all of the property which the parties intended to insure. The policy does not in any way refer to or describe the hay shed. A court of law is without jurisdiction to reform and enforce a written contract which is unambiguous even under the guise of construction. When it is necessary to change the terms of such a contract and to insert a provision not found therein the remedy is not to be found in that court.

If the barn had been destroyed instead of the hay shed and appellees were demanding $3,500 for the loss thereof, appellant could not have the policy re-

formed in a court of equity so as to show that $1,000 of the amount was on the hay shed. *Eagle Fire Ins. Co. v. John Spry Lumber Co.*, 138 Ill. App. 609; *National Union Fire Ins. Co. v. John Spry Lumber Co.*, 235 Ill. 98. The admission of parol evidence for the purpose of showing that the parties intended to insure property not described in the policy was reversible error. Appellant was not seeking a forfeiture of the policy but was simply contending that the hay shed, for the loss of which a recovery was sought, was not described in the policy. The judgment is reversed.

*Reversed with a finding of facts.*

The clerk will incorporate in the judgment the following: ''The court finds that the hay shed in question was not described in the policy of insurance sued on.''