## HENRY B. LUCAS, Plaintiff in Error, *v.* DANIEL R. SPENCER *et al.*, Defendants in Error.

### ERROR TO WASHINGTON.

By the act of 31st January, 1857, relating to interest, a forfeiture of all interest, legal or illegal, is incurred for usury; no other penalty can be recovered for a breach of the law.

If a party has had an opportunity, which he has neglected, to prevent the recovery of a judgment, which includes usurious interest, he cannot relieve himself by a resort to chancery.

The sixth section of the interest law of 1845, only applies to cases where the money has been paid; and not as a defense to usury due and unpaid.

After usurious money has been paid, the parties are not competent witnesses in a suit to recover it back.

A party who voluntarily submits to a default, impliedly admits that the demand against him is just.

THE plaintiff in error, who was complainant in the court below, filed his bill in the Circuit Court of Washington county against defendants in error, in the court below, alleging that at the September term, 1860, of the Washington Circuit Court, defendant, Daniel R. Spencer, recovered three judgments, by default, against plaintiff and others, to wit: one judgment for $276.77 and costs, against plaintiff and defendant, William M. Logan; one other judgment against plaintiff and defendants, Edmund C. Dew and Alexander P. Shipley, for $1,222.75 and costs of suit; and one judgment against plaintiff alone, for $115.33. Said judgments were all rendered on promissory notes, as follows: the first, for $235.25, dated February 25th, 1858, payable one day after date; the second, for $1,000, payable twelve months after date; and the third, for $102.52, payable one day after date. Since the making of the $1,000 note, plaintiff has paid defendant Spencer, $675; and that the said note was executed in consideration of only $925, instead of $1,000. That plaintiff is justly entitled to a credit of $675, and the other two notes referred to were executed for interest on the $1,000 note, at a greater rate than ten per cent. per annum. That there is now only due defendant

Spencer, $175, or thereabouts, balance on the $1,000 note, he having forfeited all claim to interest. Plaintiff charges, that defendant has by the law of the land not only forfeited all claim to interest on the $1,000 note, for money loaned, but three times the interest so illegally taken and received; charges further, defendant Spencer has not only forfeited all claim to recover on the other two notes, but three times their amount, together with all interest claimed on them. Charges that the judgments aforesaid are illegal, unjust and inequitable, there not being one cent due said defendant Spencer, after deducting the credits for the cash paid and the forfeitures aforesaid claimed by plaintiff, but that plaintiff has a right to recover of defendant Spencer a judgment for $1,000 at least. Plaintiff further charges, that his co-defendants in said judgment are in no way interested in this suit, being only securities of plaintiff on said notes, and are made defendants nominally, because defendant Spencer has caused executions to be issued on said judgments. That injunction was prayed against defendants.

Defendant Spencer then filed a motion in writing to dismiss the plaintiff's bill for want of equity on the face, which was allowed by the court and the bill was dismissed; and the plaintiff brings this cause into this court by writ of error, alleging that the court below erred in dismissing said bill.

R. S. Nelson, for Plaintiff in Error.

J. H. Gunn, and H. K. S. Omelveny, for Defendants in Error.

Walker, J. We are of the opinion that this decree should be affirmed. The bill was exhibited in the court below, for the purpose of enjoining the collection of three several judgments, recovered on promissory notes given by plaintiff in error and his securities to Spencer. The bill alleges that a portion of the consideration of each note was for usurious interest. It appears from the copies of the judgments filed with the bill as exhibits, that the defendants in each case, permitted judgment to go by default. Spencer appeared to this suit in the court below, and filed a motion to dissolve the injunction and dismiss the bill for want of equity. On a hearing the motion was allowed, and a decree accordingly entered. From that decree complainant prosecutes this writ of error.

The act of the 31st January, 1857, (Sess. Laws, p. 45,) regulating the rate of interest in this State, has adopted

six per cent. per annum, unless a larger rate is fixed by agreement. But the second section of that act allows the parties to agree upon any rate not exceeding ten per cent. per annum. The third section provides that if a greater rate than ten per cent. is taken or reserved, the creditor shall forfeit the whole interest, and only recover the principal sum due. And the fourth section repeals all other laws imposing penalties for receiving or contracting for a greater rate of interest than is allowed by law. Under this enactment, there can be no pretense that a penalty can be recovered for a violation of the statute. It only creates a forfeiture of all the interest, legal as well as illegal, which has accumulated on the debt. And it repeals the penalty imposed by the act of 1845, for taking or reserving a greater rate of interest than is allowed by law. This then disposes of the question of the right to enforce the penalty claimed by the bill.

It is however urged that equity will interpose to prevent the collection of the usurious interest reserved in these notes. The reason of the creation of courts of equity, at their foundation, was to supply the deficiencies, and to relieve the severities of the law. We are informed by Grotius, that equity was for "the correction of that wherein the law, (by reason of its universality) is deficient." This being the object and scope of equity jurisdiction, courts of equity have at all times, adhered to this as the general rule. Whilst in some instances courts of law have acted upon equity principles, and courts of chancery have assumed concurrent jurisdiction with courts of law, for the purpose of affording more ample relief, to prevent a multiplicity of suits, and to afford relief against fraud, accident or mistake in the recovery of judgments at law, yet, unless it be for some such purpose, they never assume jurisdiction to revise judgments at law, but leave the party to his legal remedy. Where the party has had the opportunity of interposing his defense at law, and his remedy in that forum is complete, and he from carelessness or inattention has failed to make it, courts of equity never afford relief. The law only favors the vigilant. In this case the plaintiff in error had ample opportunity and means to make his defense if he had any, in the court of law, yet he failed to appear and make it, nor does he give any reason or excuse for his negligence. It is not the policy of the law to permit a party to slumber upon his rights, when he has the opportunity, and is required to assert them in a court of justice, and then seek them in another forum.

But it is supposed, that, whilst such is the general rule, the sixth section of the interest law of 1845, has conferred the

jurisdiction, and afforded the means of obtaining the relief at any time by bill. That section gives the debtor, who has paid or delivered a greater sum or value than is allowed to be reserved for interest, the right to maintain an action of debt or a bill in chancery, to recover it from the creditor. This provision by its terms, seems to apply alone to cases where the money has been paid, and not as a defense to usury due and unpaid. The whole policy of our statutes prior to the passage of the act of January 31st, 1857, has been that the defense of usury should be made alone by plea, as authorized by the fifth section of that act. *Hadden v. Innes*, 24 Ill. 381. And under such a plea the plaintiff in error could have had the benefit of a discovery, by calling the plaintiff in the action at law as a witness, as fully as by a bill. After the money had been paid however, in a suit to recover it back the parties are not made competent witnesses, and it was to give the benefit of a discovery that a recovery was authorized by bill in chancery.

In any point of view the defense is as complete at law as in equity. And hence the General Assembly could not have designed to authorize it to be made in equity. But only to prevent a resort to that forum, when the money has already been paid, for a recovery of it from the creditor. Again, a party who voluntarily permits a default to be taken, thereby impliedly admits that the demand is just, and that he has no defense. And unless he can show some sufficient reason for the interposition of the chancellor, he cannot be heard to impugn the judgment at law. Inasmuch as there is no pretense that the principal and legal interest was paid, or any portion of the usury, and as the plaintiff in error had an opportunity to make his defense at law, we can perceive no reason for reversing the decree of the court below, and it must be affirmed.

*Decree affirmed.*