CORNELIUS O'CALLAGHAN

*v.*

MARGARET O'CALLAGHAN.

JUDICIAL SALE—*inadequacy of price.* Inadequacy of price alone will not be sufficient ground for setting aside a judicial sale. Where a house and lot worth $4000 were sold for $10 the court refused to set the sale aside.

APPEAL from the Circuit Court of Cook county; the Hon. W. W. FARWELL, Judge, presiding.

Messrs. VAN ARMAN & GORDON, Mr. W. E. LEFFINGWELL, and Mr. D. W. C. CASTLE, for the appellant.

Mr. THOMAS G. WINDES, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill in chancery filed by the appellant, Cornelius O'Callaghan, in the circuit court of Cook county, to set aside the sale of a lot and dwelling house in Chicago.

The bill alleges, in substance, that the complainant having

been divorced from his wife, the appellee, Margaret O'Callaghan, the court decreeing the divorce made an order in the cause for the payment of alimony by the complainant, from which decree the complainant appealed to this court, and the decree of the court below being affirmed, a fee bill and execution against the complainant were issued from this court, by virtue whereof the house and lot in question were levied on by the sheriff of Cook county, and sold on the 9th day of April, 1874, to the solicitor of said Margaret O'Callaghan, who subsequently made a quitclaim deed of his title to her for the consideration, as expressed in the deed, of one dollar. That the fee-bill and execution were for the sum in the aggregate of $16.90, and the property was sold for the sum of $10, it being worth the sum of $6000. That no notice was ever given to complainant of the issuing of said fee bill and execution and no demand or request made on him for their payment, and that he never knew or heard of the levy or sale so made as aforesaid until about a week before the filing of the bill, which was long after the expiration of the right of redemption from such sale. That the said Margaret O'Callaghan and her agents fraudulently kept from the knowledge of the complainant the issuing of said fee bill and execution and all the proceedings thereunder, with intent to obtain a title to said premises without consideration and for the purpose of cheating and defrauding the complainant out of his property.

The answer admits, substantially, the statements of the bill except as to the alleged fraudulent conduct, intent and purpose, and the alleged ignorance of the complainant of the issuing of the fee bill and execution and of the levy and sale under the same, all which latter it alleges were known to the complainant, and payment of the fee bill and execution demanded of him. Upon final hearing on pleadings and proofs the bill was dismissed, and the complainant appealed.

The testimony of the appellant sustains the allegations of the bill to the extent of his entire ignorance of the issuing of the fee bill and execution or of the levy and sale there-

under, until after the time for redemption had expired, and until just before the filing of the bill. It does not go to show anything of fraudulent or wrongful conduct on the part of appellee or any one else further than the want of demand or request of payment, and non-communication to appellant of the facts of the proceeding.

Appellee's attorney in the divorce suit testified, that upon receipt of the fee bill and execution, he informed appellant thereof and requested payment, which being refused, he afterward, with notice to appellant, placed the fee bill and execution in the sheriff's hands; that after the sale appellant was informed thereof and of his right of redemption, and he remarked that he would take his chances of redeeming. Appellee in some particulars confirms this testimony. The property appears to have been of the value of about $4000. It was sold for a very small sum, $10. But that alone can not be held ground to set aside the sale; and that would seem to be all the ground the case shows.

We do not well see how upon the proofs the court below could do otherwise than it did, to dismiss the bill.

The decree must be affirmed.

*Decree affirmed.*