### John F. Hopper and John E. Patterson v. Rachael Davies.

1. JUDGMENTS.—*Interference With, in Equity.*—There is no such showing of fraud, accident or mistake in this case as warrants a court of equity in assuming jurisdiction to revise a judgment at law.

2. JUDICIAL SALES—*Inadequacy of Price.*—Inadequacy of price is not sufficient ground for setting aside a judicial sale.

3. RECEIVERS—*Where Court has no Jurisdiction of the Subject-Matter.*—If, on a bill to set aside a judicial sale, it appear that the court is without jurisdiction to grant the ultimate relief prayed by the bill it has no power to appoint a receiver.

Bill, to set aside a judgment and sheriff's deed. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the March term, 1897. Reversed and remanded. Opinion filed August 5, 1897.

MANTON MAVERICK, attorney for appellant Jno. F. Hopper.

GEORGE MARTIN, attorney for appellant Jno. E. Patterson.

GEORGE A. WILLIAMS, attorney for appellee.

MR. JUSTICE SEARS DELIVERED THE OPINION OF THE COURT.

This is an appeal from an interlocutory order, appointing a receiver of certain real estate.

The bill of complaint of appellee alleges a judgment recovered against her in favor of J. N. Waller, as administrator, etc., upon certain promissory notes, which notes, the bill alleges, had been paid; execution upon judgment, sale of the real estate in question by sheriff upon execution, sheriff's deed to appellant Patterson, conveyance by Patterson to appellant Hopper, and appropriation of rents by Patterson. No attack is made upon the regularity of the proceedings in which the judgment was rendered. It is, however, alleged that the complainant, appellee, was enabled to properly testify at the hearing of the cause, which resulted in the judgment, because of the serious illness of her

Hopper v. Davies.

husband, and was prevented from appealing from the judg-
ment partly by the death of her husband, and partly by the
assurance of her attorney—against whom there is no charge
of fraud—that he would obtain a new trial.

The prayer of the bill is, among other things, for the set-
ting aside of the judgment, the sheriff's deed and the deed
from Patterson to Hopper.

It is urged that the receiver was appointed without notice
to appellant Hopper. We think that upon the facts—the
failure to find the address of Hopper from the directory or
otherwise, the refusal of Patterson and his counsel to dis-
close the whereabouts of Hopper, and their subsequent prof-
fer to bring him before the court within twenty-four hours
if the court would delay the appointment of a receiver, the
court was fully warranted in excusing any further effort to
notify Hopper.

It is also urged that the verification of the bill is insuffi-
cient, and Packer v. Roberts, 44 Ill. App. 232, and other
cases are cited in support thereof.

These cases are not in point. In each there was a total
failure of proper verification. In the case under consider-
ation the entire bill, save one allegation, was directly and
positively verified as matters of fact, and that single allega-
tion, verified upon information and belief, is not a vital
one.

But both of these contentions become unimportant from
the view which we take of the bill itself and the question
of its sufficiency. There are general allegations of fraud in
the bill, but the only specific allegation of any kind, attack-
ing the validity of the judgment, which is the basis of the
title of appellant Hopper, is that the appellee, the judgment
defendant, owed nothing to the plaintiff, who recovered
the judgment.

That appellee had adequate remedy at law in this behalf,
is only controverted by the allegation that the illness and
death of her husband prevented a proper attention to her
suit. This is in itself no ground for the intervention of a
court of equity. There is no such showing of fraud, acci-

dent or mistake, as would warrant a court of equity in assuming jurisdiction to revise a judgment at law.    Lucas v. Spencer, 27 Ill. 15.

Nor is the allegation of inadequacy of price paid at the sheriff's sale sufficient.    O'Callaghan v. O'Callaghan, 91 Ill. 228.

The bill, as presented by the record, whatever its sufficiency for any of the other ends of relief sought, is insufficient for any relief as to the judgment and sale as affecting the title of Hopper to the real estate in question.

" It is clear, if the court was without jurisdiction to grant the ultimate relief prayed by the bill, it had no power to appoint the receiver," etc.    The People v. Weigley, 155 Ill. 491.

The order is therefore reversed and the cause remanded.