THE ALTON RAILWAY AND ILLUMINATING COMPANY

v.

THOMAS L. FOULDS, Admr.

*Opinion filed April 18, 1901—Rehearing denied June 7, 1901.*

1. ELECTRIC COMPANIES—*care commensurate with danger must be used in delivering electricity to houses.* In undertaking, for hire, to deliver electricity into houses for use, the company must use such a degree of care and caution as is commensurate with the danger, which danger is enhanced by the consumer's lack of knowledge as to the safety of the appliances employed to deliver it.

2. PLEADING—*rule as to pleading in action for negligent operation of complicated machinery.* Too great strictness in pleading ought not to be required in stating a cause of action arising out of the negligence of persons in operating complicated machinery or appliances, with the structure and operation of which the plaintiff can have but a limited knowledge.

3. SAME—*declaration may be good after verdict though open to demurrer.* That a declaration in an action for negligence may have been argumentative or too general in its allegations to stand the test of demurrer will not be ground for reversal of judgment, when the question is not raised by demurrer, but only after verdict.

*Alton Ry. and Illuminating Co.* v. *Foulds,* 81 Ill. App. 322, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Madison county; the Hon. WILLIAM HARTZELL, Judge, presiding.

The appellee, as administrator of the estate of Ellen A. Foulds, deceased, recovered a judgment in the Madison circuit court against the appellant for wrongfully

causing the death of his wife, said Ellen A. Foulds. The Appellate Court for the Fourth District affirmed the judgment, and appellant has, by appeal, brought the record before this court for review.

The first count of the declaration, as amended, and upon which, with others of similar tenor and effect, issue of fact was joined and a trial had, was as follows:

"For that whereas, the defendant, in the lifetime of the said Ellen A. Foulds, to-wit, on or before the 26th day of September, A. D. 1896, was possessed of and using and operating a certain electric light plant and appurtenances pertaining thereto within or near the city of Alton, in the county of Madison and State of Illinois, for the supplying of electric light to the inhabitants of said city for hire and reward, and had wired and installed lamps in the building there occupied by plaintiff and the said Ellen A. Foulds, who was plaintiff's wife, as a residence, for the purpose of lighting said building for a certain reward agreed upon between them, and was then and there supplying electric light to the plaintiff's intestate and her family for reward; and it then and there became and was the duty of the defendant to keep and maintain its plant and appurtenances used and employed in the supplying of the said electric light in good condition and repair, so that the same might be used in obtaining light therefrom without danger, yet the defendant, not regarding its duty in this behalf, carelessly and negligently permitted its said plant, wires and other conductors of said electric current and appurtenances used in furnishing light to plaintiff and plaintiff's intestate, to become and remain out of repair and without sufficient insulation, so that the said electric current escaped therefrom and became grounded, and liable to be communicated to persons using said lamp, and while the said Ellen A. Foulds, with all due care and diligence on her part, was in the act of turning on one of said lamps in the basement or cellar of said building upon said 26th

day of September, A. D. 1896, through the negligence of the defendant, aforesaid, in permitting its plant, wires and other conductors of the electric current and appliances used in supplying said current and light to be out of repair and without sufficient and proper insulation, whereby said electric current became grounded, as aforesaid, the said current, by reason thereof, then and there passed through the body of said Ellen A. Foulds, and she was thereby then and there killed. And the plaintiff avers that the said Ellen A. Foulds left her surviving, the plaintiff, her husband and only next of kin, and that by reason of the death of the said Ellen A. Foulds, as aforesaid, the plaintiff has been deprived of her society and her help and has sustained great pecuniary loss and injury."

The fourth count alleged that the defendant carelessly and negligently suffered the said wires and conductors used in the supplying of said electric current to become and remain out of repair, and the insulation to be worn off and to become imperfect, and the said wires to come in contact with trees, whereby said electric current was communicated to the earth, etc., proceeding substantially as in the first count.

At the close of the plaintiff's evidence, and again at the close of all of the evidence, the defendant moved the court to instruct the jury to return a verdict finding the defendant not guilty, but the court refused to so instruct the jury.

JOHN G. IRWIN, and HENRY S. BAKER, for appellant.

TRAVOUS & WARNOCK, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

It is first contended by appellant that the several counts of the declaration are defective and fail to state a cause of action,—that neither count is sufficient to

support the judgment. It is not necessary to consider whether the declaration is a good pleading, tested under the rules of pleading by demurrer, but only whether any one of its counts is sufficient, after verdict, to support the judgment. The rule is, that "where there is any defect, imperfection or omission in any pleading, whether in substance or in form, which would have been a fatal objection upon demurrer, yet if the issue joined be such as necessarily required, on the trial, proof of the facts so defectively or imperfectly stated or omitted and without which it is not to be presumed that either the judge would direct the jury to give or the jury would have given the verdict, such defect, imperfection or omission is cured by the verdict." (*Chicago and Eastern Illinois Railroad Co.* v. *Hines,* 132 Ill. 161; *Consolidated Coal Co.* v. *Scheiber,* 167 id. 539.) If the count or counts which are set out in the statement of the case can stand this test the point made must be overruled.

It will conduce to a better understanding of counsel's argument on this question, as well as on the error assigned that the court erred in not instructing the jury to find the defendant not guilty, to state, in a general way, what the evidence tended to prove.

It appears from the record that the defendant wired the plaintiff's house and undertook to light it with electricity, as alleged; that in so doing it became necessary for the company to put in, and it did put in, outside of the house, a transformer or reducer, by which the heavy voltage from the primary wire at the street, which was two thousand volts, and dangerous, would be reduced or transformed to, or at least would induce in the secondary wires coming from the house and connected with the transformer, a current of only one hundred volts, which was harmless. There was evidence tending to prove that the primary wire passed through the branches of several trees along the street near Foulds' residence, and that it had at times come in contact with them, and that

the insulation of the wire at such places had become imperfect; that the current had on some occasions burned and scarred the trees and had at times been grounded there; that the transformer, when put in, had short wires on each side, connected with the coils within and hanging outside eight or ten inches, to which, upon the one side, the wires to connect it with the primary wire were to be attached, and upon the other the secondary wires to conduct the reduced current to the house were to be attached; that when these attachments were made the insulating material was scraped off to make the connection perfect, and that these attached portions were afterward left in that condition without insulation; that these wires, where so attached, hung down, and were thus sufficiently near each other as to make it possible for them to come in contact outside of the transformer, and so to transmit the full current of two thousand volts from the primary wire to the secondary wires, and thence to the lamps in the house, without passing through the transformer at all, and that, the current from the primary wire being also grounded at the trees, when Mrs. Foulds, standing on the cellar floor, took hold of the lamp the circuit was complete and she received the full force of the entire current through her body.   No witness testified that these wires did in fact come in contact, but an expert electrician testified that they were left uninsulated and sufficiently near each other to have come together, and that the accident could have happened in no other way,—except, indeed, upon the theory of the defense, for and against which the evidence was conflicting, that there was an electrical storm passing at the time and that Mrs. Foulds' death was caused by a static discharge of electricity carried by the wires.   But there was evidence also tending to prove that the continued current, which prevented a bystander and others who came to her assistance from releasing her for the period of ten minutes, showed that the current came from the

dynamo, which was continuous, and not from a static discharge, which would have been instantaneous, only. We are not called upon to determine these controverted questions of fact, for they have been finally settled by the Appellate Court in favor of appellee.

But the point is made that the declaration failed to state a cause of action because it contained no allegation of negligence of the company in leaving the primary and secondary wires at the transformer uninsulated and hanging near enough together to come in contact outside of the transformer, and thus to transmit the full current to the Foulds residence. The question is not one of variance, for it was not claimed below that the evidence offered, and upon which the plaintiff's case is said to depend, varied from the allegation of the declaration and was for that reason not admissible, and we are confined to the question whether the defect complained of, if it exists, was cured by the verdict. We are of the opinion it was. It was alleged that the defendant negligently "permitted its said plant, wires and other conductors of said electric current and appurtenances used in furnishing light to plaintiff and plaintiff's intestate, to become and remain out of repair and without sufficient insulation, so that the said electric current escaped therefrom and became grounded, and liable to be communicated to persons using said lamps," and it was then alleged,— defectively, it must be admitted,—that the injury was caused in this way. But this defect was supplied by the proof, and was such a one as was, under the rule above stated, cured by the verdict. Besides, too great strictness in pleading ought not to be required in stating a cause of action arising out of the negligence of persons in operating complicated machinery or appliances, with the structure and operation of which the plaintiff, as a rule, can have but a limited knowledge. In undertaking, for hire, to deliver so dangerous an element as electricity

into the houses of people for every-day use great care and caution should be observed,—such a degree of care and caution as is commensurate with the danger,—which danger is enhanced by the lack of knowledge and of the means of knowledge, by the consumer, of the safety of the means and appliances employed to deliver it.   The declaration may have been argumentative or may have been too general in its allegations to stand the test of a demurrer; but such defects will not operate to reverse the judgment when the question is not raised by demurrer, but only after verdict.

Sufficient has been said, also, to answer the contention that the court erred in refusing to instruct the jury to find for the defendant.  By not standing by its motion and instruction when first made and presented, and by submitting its own evidence in defense, that motion was waived; but as it was renewed at the close of all the evidence the question is presented as arising on the case as it then stood, and not as it stood when the plaintiff first rested.   And even if it be true, as contended by counsel, that without the evidence given for the plaintiff in rebuttal he could not have legally recovered, still, all of the evidence in the case fairly tending to prove the cause of action must be considered in passing upon the instruction, whether such evidence was heard in rebuttal or at any other stage of the trial before the jury.  Counsel contend that the court erred in admitting this evidence, but that question cannot be considered because no exception was taken, and preserved in the bill of exceptions, to the ruling of the court.

Finding no error the judgment will be affirmed.

*Judgment affirmed.*