FOREST L. BUCK, Defendant in Error, *vs.* THE CITIZENS' COAL MINING COMPANY, Plaintiff in Error.

*Opinion filed April 18, 1912.*

1. DEFAULT—*a default admits every material and traversable fact alleged.* A default admits every material and traversable fact alleged in the declaration, and while a judgment by default can not be sustained if the declaration states no cause of action, yet the mere fact that the declaration states the cause of action defectively and would be open to demurrer is not ground for reversing the judgment.

2. SAME—*one who voluntarily submits to default cannot insist on technical refinements in construing declaration.* A defendant who voluntarily suffers a default impliedly admits that the demand against him is just and that he has no defense, and he is not entitled to claim the benefit of technical refinements in construing the language of the declaration in order to enable him to escape the consequences of his own neglect.

3. PLEADING—*declaration need not allege how the characteristics of a dangerous mule will manifest themselves.* A declaration counting upon the negligence of the defendant mining company in knowingly furnishing the plaintiff with a vicious, balky and dangerous mule need not allege what particular thing a mule with that disposition would do or how its characteristics would manifest themselves, and an allegation that the mule gave a sudden jerk may be regarded, after default, as referable to the former allegations concerning the animal's vicious and dangerous disposition.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

HENRY L. CHILD, (P. B. WARREN, and O. S. HUMPHREY, of counsel,) for plaintiff in error.

C. F. MORTIMER, and OSCAR J. PUTTING, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an action brought in the circuit court of Sangamon county at the March term, 1911, by Forest L. Buck, plaintiff, by his next friend, against the Citizens' Coal Mining Company, defendant, to recover damages for personal injuries alleged to have been sustained by him while in the employ of defendant as a driver in one of its mines. The defendant defaulted, and the court, after hearing the evidence, rendered judgment against it for $1500. A writ of error was sued out of the Appellate Court for the Third District, and upon a hearing in that court the judgment of the circuit court was affirmed. The case has been brought to this court for review by writ of *certiorari.*

The only question presented for review is the sufficiency of the declaration to sustain the judgment. The declaration alleges that plaintiff was in the employ of defendant as

a driver and was engaged in hauling coal in coal cars by means of a certain mule; that it was the duty of defendant to exercise reasonable care to furnish plaintiff with a reasonably safe mule and instrumentalities with which to do his work, but that it negligently and carelessly furnished him with a certain mule named "Kate," for the purpose of hauling coal; "that said mule was a mean, vicious, sulky, balky, kicking and dangerous mule and had a disposition to run away, and plaintiff avers that upon discovering said facts, he, the said Forest L. Buck, complained to the defendant in regard to said mule, but that the defendant, well knowing the disposition and danger of the said mule, negligently ordered and directed the said Forest L. Buck to continue driving said certain mule, and that by reason thereof the said Forest L. Buck did continue to drive and use said certain mule," and that on the 27th day of October, 1910, while the plaintiff was in the performance of his duties and exercising reasonable care for his own safety, the mule gave a sudden jerk, causing two cars to come together with great force, striking, crushing and bruising the plaintiff while between said cars, thereby injuring him.

That a default admits every material and traversable fact alleged in the declaration is too well settled to need the citation of authorities, but plaintiff in error insists the declaration does not state any cause of action, and, admitting its allegations to be true, did not authorize the court to render judgment.

It is first contended the declaration does not allege the plaintiff in error knew the mule was a mean, vicious, sulky, balky, kicking, dangerous mule and had a disposition to run away; that the language, "complained in regard to said mule," and "defendant, well knowing the disposition and danger of the said mule," does not necessarily mean that the plaintiff complained of the particular characteristics the declaration alleges the mule possessed, and that while the defendant may have known "the disposition and danger of

the mule," it does not follow that it knew the mule was mean, vicious, sulky, balky, kicking and dangerous and had a disposition to run away. While the words "complained in regard to said mule" do not specifically set out the characteristics about which complaint was made, when read in connection with the preceding part of the sentence we think it clear they refer to the characteristics there mentioned.

Plaintiff in error further contends that the declaration does not allege the mule had the characteristic, and that the plaintiff in error had knowledge thereof, which caused said mule to give a sudden jerk to the two cars, and does not allege that the injury resulted from the negligence charged in the declaration. It was not essential that the declaration allege what particular thing a mule with a mean, vicious, balky, dangerous, run-away disposition would do or how those characteristics would manifest themselves. The charge, in substance, is, that by reason of those characteristics the mule was an unsafe animal for the purpose plaintiff was ordered and directed to use it, and that by reason thereof it gave a sudden jerk at a time and under circumstances which caused the injury. Giving a sudden jerk may well be a manifestation of a mean, vicious, dangerous or run-away disposition.

The declaration is not a model pleading, but the most that can be said of it is, that it is a defective statement of a good cause of action. Giving its language its ordinary meaning and significance, there is no reasonable basis for saying it did not state any cause of action, or that plaintiff in error was not advised by its allegations of the nature and grounds of the demand against it. A party who voluntarily submits to a default impliedly admits that the demand against him is just and that he has no defense. (*Lucas* v. *Spencer,* 27 Ill. 15.) That the declaration would have been obnoxious to demurrer if one had been interposed would not necessarily justify reversal of a judgment rendered by default. (*Alton Illuminating Co.* v. *Foulds,* 190 Ill. 367.)

A default judgment will be reversed where the declaration states no cause of action, but a defective statement of a good cause of action is cured by verdict. Plaintiff in error having submitted to a judgment by default, is not in a position to ask the benefit of technical refinement in construing the language of the declaration for the purpose of enabling it to escape the legal consequences of its own neglect.

Neither the settled rules of law nor the ends of justice require a reversal of this judgment, and it will be affirmed.

*Judgment affirmed.*