Robert R. Johnston, Appellee, v. E. I. Otta, Appellant.
Gen. No. 10,399.

Opinion filed March 29, 1950.
Released for publication April 17, 1950.

CHARLES G. SEIDEL and ERNEST W. AKEMANN, both of Elgin, for appellant.

KRAMER & KRAMER, of Elgin, for appellee; FRANKLIN J. KRAMER, of Elgin, of counsel.

MR. JUSTICE DOVE delivered the opinion of the court.

Robert R. Johnston filed his complaint seeking to recover from the defendant, E. I. Otta, an insurance broker, damages which he alleged he sustained as a result of the negligence of the defendant in failing to obtain insurance upon the automobile of the plaintiff.

The complaint charged that prior to November 4, 1947, the defendant solicited the plaintiff to act as plaintiff's agent in obtaining automobile insurance for him and that, as his agent, defendant obtained for the plaintiff a policy which expired on November 4, 1948, the premium for which plaintiff paid; that prior to November 4, 1948, defendant solicited the plaintiff to obtain for him the same type of insurance upon the expiration of the policy on November 4, 1948; that plaintiff authorized the defendant to obtain such insurance and on November 6, 1948, plaintiff paid to the defendant the sum of $30.50 for the premium of such

insurance. The complaint then alleged that on February 20, 1949, the plaintiff was involved in an automobile accident with Robert E. Johns; that plaintiff reported that accident to the defendant who told the plaintiff to return the following day; that plaintiff did so and was informed by the defendant that he had not obtained any insurance for the plaintiff and the defendant offered to return to the plaintiff the premium which plaintiff had theretofore paid the defendant.

The complaint then charged that it became the duty of the defendant, as agent of the plaintiff, to be diligent in the procurement of such insurance and alleged that the defendant had breached that duty by failing to obtain such insurance within a reasonable time and as a direct result thereof plaintiff was compelled to engage his own attorney and settle the claim of the said Robert E. Johns. The defendant, by his answer, admitted many of the allegations of the complaint and admitted that it became his duty to use diligence in the procurement of the automobile insurance for the plaintiff but denied that he breached that duty and denied that he was negligent in failing to obtain such insurance and denied that the plaintiff had been damaged by any acts of negligence or misconduct on the part of the defendant. The issues made by the pleadings were submitted to the court for determination without a jury and resulted in a judgment in favor of the plaintiff and against the defendant for $265.50 and costs. To reverse this judgment defendant has perfected this appeal.

The evidence discloses that appellant is an insurance broker doing business as the E. I. Otta Insurance Agency in Elgin, Illinois; that on November 4, 1947, appellee applied to him for insurance upon his 1940 Mercury Tudor automobile and paid him the premium amounting to $59.50 and appellant procured for appellee a policy of insurance dated November 13, 1947, and issued by the Progress Insurance Association, an

272

Inter-Insurance Exchange of Chicago, effective November 4, 1947, and expiring on November 4, 1948. In March 1948, this policy was delivered by appellant to appellee. The evidence is further that in November 1948, appellant called appellee over the telephone and solicited him to permit him to renew the policy and appellee authorized its renewal and on November 6, 1948, appellee paid appellant for the renewal premium $30.50 leaving a balance, according to the receipt given appellee by appellant, of $10.

Appellant testified that in November 1947, he, as an insurance broker and acting for appellee, obtained this insurance policy covering the automobile of appellee which was issued by the Progress Insurance Exchange through the Robert P. Butts and Company general insurance agency; that on October 7, 1948, the Robert P. Butts and Company agency wrote appellant calling his attention to the fact that this policy expired on November 4, 1948, and advised him that the annual premium amounted to $30.50, that appellant's brokerage commission was 17½ per cent and concluded: ''Renewal policy will be sent to you immediately upon receipt of your request to issue same, together with net remittance of $25.16. We have appreciated your business and trust that we may continue to be of service to you.'' Appellant testified that after he received this letter appellee came to his office and requested a renewal of the policy then about to expire and on November 6, 1948, appellee paid appellant the premium amounting to $30.50; that on November 2, 1948, appellant ordered a renewal of this policy through the Butts agency, sent them the premium and requested the issuance of the policy. On November 8, 1948, the Butts agency wrote appellant that the Progress Insurance Exchange would not renew the Johnston policy. Thereafter appellant inquired of the Butts agency whether they had endeavored to place

273

appellee's insurance in another company, and on December 10, 1948, the Butts agency wrote appellant:

"We are sorry to advise we have no other facilities for handling this risk. May we suggest you submit this to the Assigned Risk?"

Appellant further testified that Fidelity Insurance Agencies, Inc. is a general agent for insurance companies and he made an effort to place this insurance with this agency but it was declined by that agency on December 15, 1948. In the latter part of January 1949, appellant testified that he made another application for this insurance to the Ohio Casualty Company but that company also declined to issue a policy.

The evidence further discloses that on February 20, 1948, appellee was involved in an automobile accident with Robert E. Johns and assuming he had insurance appellee promptly reported the accident to appellant, and according to the testimony of appellee, appellant gave him a form to fill out and stated that he would send the report of the accident to the insurance company the following day and obtain a release for appellee.

Theresa Johnston testified that she was the mother of appellee and had had a conversation with appellant over the telephone during the first week in January 1949; that in this conversation she asked appellant, on behalf of her son, about the policy of insurance and he stated to her that there was no insurance but that he, appellant, was going to try another company to see if he could get some insurance; that about ten days later, Mrs. Johnston had another telephone conversation with appellant about the insurance and appellant then stated to her that the insurance policy was coming through, and in a third conversation, about ten days later, he again informed her that the policy was coming through and that when it did arrive appellant would either

bring it or mail it to appellee. Appellant did not deny these conversations.

Counsel for appellant insists that the evidence discloses that appellant made every reasonable effort to obtain insurance for the appellee and that the fault for not having insurance at the time of the occurrence on February 20, 1949 was not due to anything appellant failed to do but was entirely due to the misconduct and age of appellee and the age of his car. In support of this contention the case of *Mosteiko v. National Inter-Insurers Corp. of Chicago*, 229 Ill. App. 153, is called to our attention. We have read that case and it is there held that an insurance broker is liable for any damages resulting from his negligence in failing to procure insurance in pursuance to the instructions of his principal and the case of *Evan L. Reed Mfg. Co. v. Wurts*, 187 Ill. App. 378 is cited and quoted from and also 9 C. J. 535, where it is said: "A broker is bound to exercise reasonable skill and diligence in the transaction of the business intrusted to him and he will be responsible to his principal for any loss resulting from his failure to do so: beyond this he is not bound. If he exercises the same degree of care and diligence that a prudent man would exercise in a like business he is entitled to compensation and is not liable for losses resulting to the principal."

 The law in a case of this character is well settled. The author of the annotation on the liability of a broker or agent for failure to procure or keep up insurance appearing in 18 A. L. R. 1214 states the general rule to be "that a broker or agent who, with a view to compensation for his services, undertakes to procure insurance on the property of another, and who fails to do so, will be held liable for any damage resulting therefrom." In *Evan L. Reed Mfg. Co. v. Wurts*, 187 Ill. App. 378, 385, it is stated that if an

agent neglects to procure insurance or if the principal suffers damage by reason of any mistake or act of omission or commission of the agent which constitutes a breach of duty to his principal, he is liable to his principal for any loss he may have sustained thereby.

In the instant case the application for insurance made by appellee to appellant in November 1948 was for the renewal of an existing policy. The evidence shows that the original policy covering the period from November 4, 1947 to November 4, 1948 was executed by the Insurance Company on November 13, 1947, but was not delivered to appellee by appellant until the following March. It is true that in January 1949, appellee had knowledge that he had no insurance but this information came to him only after his mother had called appellant. Ten days later, from the same source appellee learned that the insurance policy was coming through and ten days after that was again assured by appellant that the policy was coming through and that appellant would either bring it or mail it to appellee. From these last two conversations appellee had a right to infer that there was insurance but that the policy had not been received at the time of these conversations.

██ The evidence offered by appellant shows he was in communication with certain insurance companies. He was notified on November 8, 1948, that Progress Insurance Exchange would not renew the policy. On December 10, 1948, he was notified by the Butts Agency that they had no facilities for handling the risk and suggested he submit it to ''Assigned Risk.'' On December 15, 1948, Fidelity Insurance Agencies declined the risk. Apparently nothing further was done by appellant until a month and a half later when he submitted the application to the Ohio Casualty Company and after it was declined he did not notify

appellee or return his money or offer to return the premium until after the accident which occurred on February 20, 1949. Under these facts the trial court found that appellant was negligent not only in his endeavors to procure this insurance but in not informing appellee that he was not covered by insurance. These findings are sustained by the evidence. Appellant was not obligated to assume the duty of procuring this insurance but when he did so the law imposed upon him the duty of performance in the exercise of ordinary care for the rights and interests of appellee. The judgment of the city court of the City of Elgin will be affirmed.

*Judgment affirmed.*