Edward Johnson, Plaintiff-Appellee, v. Illini Mutual Insurance Company et al., Defendants, Andrew Hammond, and Willie Prowell, Defendants-Appellants.

Gen. No. 10,131.

Third District.

July 8, 1958.

Released for Publication July 24, 1958.

Reno & O'Byrne, of Champaign (Donald M. Reno, Maurino R. Richton, and John A. Cook, of counsel) for defendants-appellants.

John Alan Appleman, of Urbana, for plaintiff-appellee.

PRESIDING JUSTICE ROETH delivered the opinion of the court.

This is an appeal from a default judgment. The contentions of the defendants-appellants necessitate an examination of the complaint and the proceedings following its filing.

On August 27, 1955 plaintiff-appellee filed suit against Illini Mutual Insurance Company, Walter O'Neil, and appellants Andrew Hammond and Willie Prowell. The record before us shows that Andrew Hammond and Willie Prowell were each personally served with summons on September 8, 1955. Walter O'Neil was served on September 2, 1955. Illini Mutual Insurance Company entered its appearance on September 19, 1955. On October 7, 1955, an order was entered by the Circuit Court ruling all defendants to plead by October 13, 1955. Illini Mutual Insurance Company and William O'Neil, appearing by counsel, filed their motion to strike on October 13, 1955. No appearance or pleading of any kind was filed by Andrew Hammond and Willie Prowell. On March 26, 1956, plaintiff dismissed the suit as to the defendant Walter O'Neil and March 27, 1956, dismissed the suit as to defendant Illini Mutual Insurance Company. The defendants Andrew Hammond and Willie Prowell were defaulted and the court proceeded to hear evidence solely on the question of damages and thereupon entered judgment against both defendants for $9,000.00. No question is here raised as to the amount of this judgment. Subsequently on January 10, 1957, Hammond and Prowell were each served with a citation to appear in the Circuit Court for discovery of assets.

On March 27, 1957, defendants Andrew Hammond and Willie Prowell filed their petition in this court, for leave to appeal from the judgment rendered against them on March 27, 1956, pursuant to the provisions of Section 76 of the Civil Practice Act. Illinois Revised

213

Statutes 1955, Chapter 110, Section 76. On May 20, 1957, this court granted leave to appeal.

■■ In Buck v. Citizens' Coal Min. Co., 254 Ill. 198, 98 N. E. 228, it was said:

"A party who voluntarily submits to a default impliedly admits that the demand against him is just and that he has no defense. (Lucas v. Spencer, 27 Ill. 15.) That the declaration would have been obnoxious to demurrer if one had been interposed would not necessarily justify reversal of a judgment rendered by default. (Alton Illuminating Co. v. Foulds, 190 Ill. 367.) A default judgment will be reversed where the declaration states no cause of action, but a defective statement of a good cause of action is cured by verdict. Plaintiff in error having submitted to a judgment by default, is not in a position to ask the benefit of technical refinement in construing the language of the declaration for the purpose of enabling it to escape the legal consequences of its own neglect."

Thus we regard this appeal as presenting the sole question of whether the complaint states a good cause of action, even though defectively stated, against Hammond and Prowell.

The complaint is entitled "Complaint for Reformation and for Relief in Equity and at Law." It alleges that plaintiff was the owner of a building located at 1027 Greenwood Ave., East Chicago Heights, Illinois, together with a separate building at the rear thereof and of furnishings located in the front building; that on February 13, 1955, Illini Mutual issued to plaintiff three policies of insurance, upon a frame dwelling (front), a frame dwelling in the rear and the household contents in the front dwelling at the address of 1227 Greenwood Avenue instead of 1027 Greenwood Avenue; that the insurance was solicited by defendants Hammond and Prowell as brokers, and issued by

214

defendant Walter O'Neil as agent for Illini Mutual Insurance Company; that 1227 Greenwood Avenue was a vacant lot and that through error, the Illini Mutual Insurance Company, its agent Walter O'Neil, and the brokers Hammond and Prowell misdescribed the address of the property owned by plaintiff as 1227 Greenwood Avenue, instead of 1027 Greenwood Avenue. There then follows these allegations which give rise to the controversy presented by this appeal namely:

". . . that the policies and each of them contained a misdescription of the address as so stated and that the said policies and each of them should be reformed, if this court deem reformation necessary in granting relief; or, in the alternative, plaintiff states that *if* the plaintiff is deprived of any right which he may have as a result of the fire loss hereinafter described as a result of the error of the said brokers or either of them, or of the said agent, in misdescribing the said premises, *then* the plaintiff is entitled to recover against the said broker or agent for the breach of his duties in so misdescribing the premises . . ." (Emphasis supplied.)

The complaint then alleges the premises were completely destroyed by fire on January 18, 1955; that the value of the buildings and contents was in excess of the policy coverage; that plaintiff has complied with all conditions precedent and that Illini Mutual Insurance Company has refused payment of the amount of insurance. The prayer for relief prays:

"(a) That this court hear the evidence and, upon such hearing, grant a reformation of the said insurance policies as to the premises described, and that the policies be so reformed as to show the address of the property insured as 1027 Greenwood Avenue, instead of 1227 Greenwood Avenue, in East Chicago Heights, Illinois;

215

"(b)   That following the determination of the matter of reformation, that judgment be entered against the defendant Illini Mutual Insurance Company, in the total sum of Nine Thousand Dollars ($9,000.00) together with the penalties and attorneys' fees provided by Illinois Revised Statutes, Chapter 73, Sec. 767, or, in the alternative, that judgment be entered against the defendants Walter O'Neil, Andrew Hammond and Willie Prowell, or one or more of them, as shall be determined, in the amount of the total loss sustained by the plaintiff of Nine Thousand Dollars ($9,000.00);"

It is the contention of counsel for defendants that in order to recover against defendants, Hammond and Prowell, there must be a showing that plaintiff was unable to recover from his insurer because of the error of these defendants and that on the state of this record, i. e., the dismissal on plaintiff's motion of the insurer, there can be no such showing.

The law with respect to the liability of insurance brokers in a situation of this kind is well settled. If a broker neglects to procure insurance or does not follow instructions when obligated so to do, or if the policy obtained is void or materially defective through the broker's fault, or if the principal suffers damage by reason of any mistake or act of omission or commission of the broker, the broker is liable to his principal for any loss he may have sustained thereby. The Evan L. Reed Mfg. Co. v. Wurts, 187 Ill. App. 378; Mosteiko v. National Inter Insurers Corp. of Chicago, Illinois, 229 Ill. App. 153; Progress Laundry Co. v. Schweik, 332 Ill. App. 408, 75 N.E.2d 390; Johnston v. Otta, 340 Ill. App. 270, 91 N.E.2d 468. It could hardly be contended that the misdescription in the policy in the case at bar was not a material defect. It is such a material defect as would have afforded a basis for defense in a suit against the insurance company on the policy.

216

Howard Foundry Co. v. Hartford Fire Ins. Co., 222 F.2d 767 (applying Illinois law); Niedringhaus v. Aetna Ins. Co., 235 Ill. App. 335.

In 44 C. J. S. Par. 172 at page 863 under the sub-title "Actions" it is noted:

"It is not necessary for the insured, in order to recover from the broker or agent, to show that he has sued the insurance company, it being sufficient to show that the policy is defective or invalid and that the company has refused to pay either in whole or in part."

██ It is contended, however, that the plaintiff, by his complaint has chosen to condition the liability of the defendants upon a *finding* of non-liability on the part of the insurance company and that the dismissal of the insurance company was a change of theory which required notice to the defendants before proceeding against them. Section 43 of the Civil Practice Act [Ill. Rev. Stats. 1955, ch. 110, § 43(2)] provides in part as follows:

"When a party is in doubt as to which of two or more statements of fact is true, he may, regardless of consistency, state them in the alternative or hypothetically in the same or different counts or defenses, whether legal or equitable. A bad alternative does not affect a good one."

This section does not mean that the plaintiff must submit evidence and attempt to prove two inconsistent alternatives. He may choose which alternative he will prosecute or abandon. In the case at bar it is apparent that the plaintiff abandoned the alternative seeking to lay liability at the doorstep of the insurance company. He may have been convinced that he could not sustain his action against the company. To pursue the other of the two alternatives does not constitute a change of theory nor the asking of relief beyond that prayed for in the prayer. To place undue stress on the

217

words "if" and "then" in that portion of the complaint hereinbefore set out, in order to change what is designed to be an alternative pleading into a conditional pleading, puts too strict a burden upon the plaintiff and is not consonant with the liberal construction of pleadings that the Civil Practice Act was designed to accomplish.

A default admits every material and traversable fact alleged in the complaint. A liberal rule is applied in construing a complaint where its sufficiency is raised for the first time after judgment. A complaint is sufficient if the facts essential to a cause of action appear by reasonable implication only, or if the allegations are in the form of legal conclusions which merely imply the necessary legal facts. After judgment a court of review will do its utmost to construe a complaint as effectively alleging a good cause of action rather than as failing to allege a cause of action. Parrino v. Landon, 8 Ill.2d 468, 134 N.E.2d 311.

In effect the complaint at bar alleges a separate cause of action against Illini Mutual Insurance Company for reformation of the policy and a separate cause of action against O'Neil, Hammond and Prowell for breach of their duty to the insured. The plaintiff had a right to elect not to proceed on the cause of action alleged against Illini Mutual Insurance Company and O'Neil and this he did by the voluntary dismissal as to such defendants. It was not necessary for plaintiff to pursue his cause of action in equity against Illini Mutual Insurance Company to a conclusion before pursuing his action at law against the brokers. Any allegations in the complaint, indicating a misconception of the necessity of so doing, may be disregarded as surplusage if the allegations of the complaint are otherwise sufficient to state a cause of action against Hammond and Prowell.

218

■ While the complaint before us is not a model pleading, the facts necessary to support a cause of action against Hammond and Prowell may be gleaned from the allegations thereof, namely: that Hammond and Prowell solicited and were employed to insure premises at 1027 Greenwood Avenue; that they mis-described the premises as being at 1227 Greenwood Avenue and in so doing they breached their duty to the plaintiff; that the buildings and contents located at 1027 Greenwood Avenue were destroyed by fire with a resulting loss of $9,000; that demand was made upon the insurance company and that the insurance company refused to pay the loss. Tested by the principles announced in the foregoing authorities these allegations are sufficient to support the judgment by default. We are of the opinion that the complaint in the case at bar sufficiently advised the defendants Hammond and Prowell of the nature and grounds of the demands against them and that plaintiff was seeking a judgment against them. The strict command and admonishment of the summons warned the defendants that their failure to answer or appear would result in a judgment by default for the relief prayed. Any fair interpretation of the complaint and summons would advise the defendants that the relief prayed for against them was a judgment for $9,000. They did not see fit to appear and make a defense.

Accordingly the judgment of the Circuit Court of Champaign County will be affirmed.

Affirmed.

CARROLL, J., concurs.

REYNOLDS, J., dissenting.

I am unable to agree with the majority opinion in this case. I respectfully dissent and will state my reasons therefor:

Relief against a defendant who does not answer is limited to the cause of action stated and relief prayed in the plaintiff's complaint. (C. P. A. Sec. 34; Glass v. Glass (1956), 9 Ill.App.2d 568, 133 N.E.2d 524; Sweglo v. Mikolon (1941), 310 Ill. App. 541, 34 N.E.2d 868; Kryl v. Zelezny (1937), 290 Ill. App. 599, 8 N.E.2d 223.) It is well settled that the amendment of a complaint in a matter of substance has the effect of setting aside a default for want of answer, and that the defaulted defendant must be given notice of the amended pleading and afforded an opportunity to appear and answer. (See above cases, and others collected in Smith-Hurd Anno. Stat., ch. 110, sec. 34, note 5.) The text of Section 34 recognizes this principle, as does new Rule 7–1 (ch. 110, sec. 101.7–1), which supplements Section 34.

It will be noted that Section 34 provides that even in cases not involving defaults, if relief in addition to that prayed is sought, ". . . the court shall, by proper orders, and upon terms that may be just, protect the adverse party against prejudice by reason of surprise." In the comments in Smith-Hurd Annotated Statutes (see Sec. 34, page 364), it is pointed out that this provision was to be construed broadly to protect against surprise arising out of change of theory or of type of relief. In other words, the concept of "change of substance" is flexible and all-inclusive. Obviously there is as much (and in my opinion, much more) need to be solicitous and protective of a defaulted defendant. The basic premise involved is due process (notice) and fair play (prevention of entrapment). It is essential that principles of broad construction of the statute be followed and liberal application of the spirit behind the statute be made. A default judgment based upon a substantial departure from the cause of action or theory of the case stated in the plaintiff's complaint or the relief prayed necessarily prejudices a defendant

who has not been notified of such a departure, operates as a surprise and defeats a primary function of pleading, the furnishing of notice to another party of the theory on which a case is prosecuted or defended. It violates our concepts of due process and fundamental sense of justice and fair play.

The material allegation in the complaint concerning the instant defendants is in paragraph 4 of the complaint:

". . . or, *in the alternative,* plaintiff states that *if* the plaintiff is deprived of any right which he may have as a result of the fire loss hereinafter described as a result of the error of the said brokers or either of them, or of the said agent, in misdescribing the said premises, *then* the plaintiff is entitled to recover against the said broker or agent for the breach of his duties in so misdescribing the premises;"

The material prayer is in paragraph (b) of the prayer:

"(b)   That *following* the determination of the matter of reformation, that judgment be entered against the defendant Illini Mutual Insurance Company, in the total sum of Nine Thousand Dollars ($9,000.00) together with the penalties and attorneys' fees provided by Illinois Revised Statutes, Chapter 73, § 767, *or, in the alternative,* that judgment be entered against the defendants Walter O'Neil, Andrew Hammond and Willie Prowell, or one or more of them, as shall be determined, in the amount of the total loss sustained by the plaintiff of Nine Thousand Dollars ($9,000.00);"

The plaintiff himself thus chose to condition the instant defendants' liability on a finding of nonliability on the part of the defendant insurance company and sought relief against the individual brokers only in the event of a finding by the trial court that the insurance company was not liable to him.

221

Served with a copy of this complaint, the individual brokers were entitled to rely on it and on the fact that judgment would not be entered against them absent a *finding* that the insurance company was not liable to the plaintiff. It is true that by failing to appear a defendant admits the material allegations of the complaint. But the application of that rule to this case means only that, in the words of the complaint, "if the plaintiff . . . *was* deprived of any right which he may have as a result of the fire loss" against the insurance company, the defendant brokers admitted liability to him. On such a complaint, the plaintiff could recover a default judgment from the defendant brokers only after the non-liability of the insurance company had been *established.*

When the plaintiff voluntarily dismissed the defendant insurer without prejudice, he in effect amended his complaint and completely *changed his theory* of his case and attempted to free himself of the self-imposed condition requiring a finding of non-liability on the part of the insurer before judgment could be entered against the defendant brokers. Regardless of whether a default judgment could have been entered against the defendant brokers on a different statement in the complaint as originally filed, and regardless of whether the assertion in the complaint as originally filed of the condition precedent to recovery against the individual brokers was in law a prerequisite to recovery against them. It is clear that by dismissing the defendant insurer and thus necessarily substantially amending the theory of the complaint as originally stated, the plaintiff became precluded from taking a default judgment against the defendant brokers on the new theory in the absence of notice to them under Rule 7–1 (ch. 110, Sec. 101.7–1) and an opportunity to respond. I am of the opinion that there plaintiff's

222

counsel engaged in a course of deliberate entrapment. For these reasons, it is my opinion that the judgment below was erroneously entered.

What I have said must be sharply distinguished from a case in which the alternative liability of two or more defendants is carefully pleaded so that the alternatives are clearly stated independently of one another. That is, that the alternative liability of one defendant is not predicated upon the non-liability of another defendant. In such a case, a default judgment against a defendant after one or more other defendants have been voluntarily dismissed might well be supportable. But that is not this case. In this case, the plaintiff's stated theory required a finding of non-liability on the part of the insurer before judgment could be entered against the appellants. A default judgment could not be entered upon a theory substantially at odds with the theory thus stated in the complaint. The default judgment is at odds with the letter and spirit of the statute and the rule and as well a violation of due process and fundamental justice upon which the principles inherent in the statute and rule are based. Under these circumstances, the entry of a default judgment against these appellants, after the dismissal of the defendant insurer was in error, and I feel that the cause should be reversed and remanded.