JUSTICE KILBRIDE, dissenting: I disagree with the majority’s conclusion that the trial court abused its discretion in remitting the jury’s punitive damage award to $1 million and that the highest award the evidence of record may support is $81,600. In my view, the majority gives lip service to the correct standard of review — whether the trial court abused its discretion in remitting the damages award — and then ignores this standard by substituting its judgment for the trial court’s. This court has recognized that “[a] reviewing court will not disturb an award of punitive damages on grounds that the amount is excessive unless it is apparent that the award is the result of passion, partiality, or corruption.” Deal v. Byford, 127 Ill. 2d 192, 204 (1989). Here, by reducing the punitive damages award, the trial court implicitly found that the punitive damage award of $2 million was the result of jury passion, partiality, or corruption. The trial court found the award disproportionate to the wrong and concluded an award of punitive damages in the amount of $1 million was sufficient to punish defendant and deter others from committing a similar offense. We may only find the trial court’s remittitur to be an abuse of discretion when “no reasonable person would agree with the position adopted by the trial court.” Schwartz v. Cortelloni, 177 Ill. 2d 166, 176 (1997). In reviewing an award of punitive damages, the court is to consider the relevant circumstances, including “the nature and enormity of the wrong, the financial status of the defendant, and the potential liability of the defendant.” Deal, 127 Ill. 2d at 204. In this case, the nature and enormity of the wrong and the liability of defendant are beyond question. In addition, the absence of evidence regarding defendant’s financial status is the direct result of defendant’s default and may not properly be used against the plaintiff. The only real issue is the amount of the punitive damages award. Importantly, proportionality between punitive and compensatory damages is not required under this court’s precedents. Deal, 127 Ill. 2d at 204. “Because punitive damages serve a penal purpose and are awarded not as compensation, but for reasons of retribution and deterrence, the amount of such an award is determined by more than just a consideration of the nature and extent of the claimant’s loss.” Loitz v. Remington Arms Co., 138 Ill. 2d 404, 416 (1990). The facts of each case must be examined carefully, and the court must consider the underlying purposes of a punitive damage award. Deal, 127 Ill. 2d at 204. Here, the record indicates that plaintiff filed a complaint alleging defamation per se. In his complaint, plaintiff alleged that defendant knowingly made false statements that plaintiff had not completed company financial statements, that plaintiff “was not doing his job,” that plaintiff “came in late and left early,” that plaintiff “was sneaking off to do workouts,” and that plaintiff “spent his time chasing [women[2]] all day.” Defendant failed to answer plaintiff’s complaint, failed six times to present himself for deposition, and failed to comply with plaintiff’s discovery requests, despite being ordered to comply by the trial court. Ultimately, the trial court entered a default judgment against defendant, and the case was set for jury trial on the damages issue alone. Due to defendant’s default, we must accept the truth of the allegations in the plaintiffs complaint and conclude that defendant per se defamed plaintiff. See Buck v. Citizens’ Coal Mining Co., 254 Ill. 198, 200 (1912). According to the allegations in the complaint, defendant maliciously, intentionally, and knowingly made false statements to third parties that were designed to injure plaintiff. The complaint alleged that “defendant knew this statement to be false and the statement was made with the intent to injure plaintiff.” The majority’s analysis, however, fails to acknowledge the truth of these allegations and, instead, concludes that defendant’s conduct merely showed “a reckless disregard for plaintiffs rights,” placing “defendant’s conduct on the low end of the scale for punitive damages, far below those cases involving a defendant’s deliberate attempt to harm another person.” 237 Ill. 2d at 64. The majority does not dispute, however, that the jury was presented with sufficient evidence to warrant punitive damages. Rather, the majority simply chooses to overlook the truth of the allegations in the complaint and, accordingly, disagrees with the trial court’s assessment of the excessiveness of the punitive damage award. The majority apparently would award a significantly lower sum if it were initially deciding the remittitur issue. That, however, is not the role of a reviewing court under the limited “abuse of discretion” standard of review applicable in this case. Because I do not believe the majority properly applied this highly deferential standard of review to the facts we must accept as true under the undisputed allegations in the plaintiffs complaint, I must respectfully dissent. The record establishes that defendant’s actual statement was far more derogatory.