222 East Chestnut Street Corporation, a Corporation of Delaware, Appellant, v. 199 Lake Shore Drive, Inc., City of Chicago, a Municipal Corporation, Richard J. Daley, Individually and as Mayor of the City of Chicago; George L. Ramsey, Individually and as Commissioner of Buildings of the City of Chicago, Appellees.

### Gen. No. 47,810.

First District, Third Division.

March 2, 1960.

Rehearing denied March 23, 1960.

Released for publication March 25, 1960.

Joseph F. Elward and Edward S. Macie, of Chicago, for plaintiff-appellant.

Jacob Shamberg, of Chicago, for 199 Lake Shore Drive, Inc., and John C. Melaniphy, Corporation Counsel of the City of Chicago (Sydney R. Drebin, Assistant Corporation Counsel, of counsel) for Richard J. Daley, etc., et al., defendants-appellees.

JUSTICE FRIEND delivered the opinion of the court.

In a prior suit filed in the Circuit Court of Cook County it appears that the Chicago Zoning Board of Appeals had granted an application of 199 Lake Shore Drive, Inc., hereinafter referred to as 199, for a special use of certain property as a parking lot for private passenger automobiles. The parking lot at the northwest corner of Chestnut Street and De Witt Place is situated in an area zoned as an apartment-house district, a classification which does not permit use of any of the area as a parking lot. 222 East Chestnut Street Corporation, hereinafter referred to as 222, owner of a nineteen-story apartment building on an adjoining lot, was an objector to the application, and thereafter filed a complaint for administrative review in the Circuit Court, wherein it prayed for a reversal of the zoning board's decision. However, the court affirmed the ruling, and 222 prosecuted a direct appeal to the Supreme Court of Illinois on the ground that the validity of a statute was involved. The motion of 199, made in the Supreme Court, to transfer the

case to the Appellate Court, was denied, as was its motion to dismiss based on plaintiff's alleged "lack of standing to bring statutory administrative review"; the Supreme Court took the latter motion with the case. Subsequently, with two justices specially concurring in the ultimate result reached by the majority but dissenting from the conclusion that plaintiff failed to prove damage to give it standing as a proper party plaintiff, the court affirmed the decision of the Circuit Court upholding the zoning board ruling (222 East Chestnut Street Corp. v. Board of Appeals of City of Chicago, 14 Ill.2d 190). Specifically the court held that, under the Administrative Review Act (Ill. Rev. Stat. 1959, ch. 110, § 264, et seq.), the right to review of a final administrative decision is limited to those parties to the proceeding before the administrative agency whose rights, privileges or duties are adversely affected by the decision, and it is incumbent upon the party seeking review to both allege and prove that the agency decision adversely affects it by inflicting a special or a peculiar injury upon it. In support of its claim that it would suffer special injury and damage, tenants in plaintiff's building testified that they "felt" that carbon monoxide fumes, noise, air pollution, and dust resulting from the proposed use would make their apartments less desirable; to complete its burden of proof, plaintiff asked the court to take judicial notice that the side effects detailed above would in fact cause such injury as to render the apartments less desirable, and that their ultimate effect would extend to a depreciation of the rental and sale value of plaintiff's property. It was the court's opinion that such elements of special damage are matters of affirmative proof, not judicial notice.

While the above appeal was pending in the Supreme Court, 222 filed its complaint in the instant proceeding in the Superior Court of Cook County. The case then

remained dormant until subsequent to the disposition of the Supreme Court case on June 18, 1958, by denial of a motion for a rehearing. Thereafter, on October 2, 1958, 222 filed a supplemental pleading setting forth the history of the administrative review case in the Supreme Court and contending that the Administrative Review Act, adopted in 1945, should be construed as not applying to rights created under section 73—9 (as amended in 1953) of the Cities and Villages Act (Ill. Rev. Stat. 1959, ch. 24). That section allows any owner or tenant of property in the same contiguous zoning district to sue to prevent violation of the zoning ordinance. The contention that construction of this provision constitutes an independent action not adjudicated by the Supreme Court in the statutory administrative review case will be discussed later in this opinion.

The allegations and basic charges in the former Circuit Court proceeding which was finally determined in the Supreme Court, and those of the instant Superior Court case, are substantially the same. It appears that 222 owns and operates a nineteen-story unfurnished apartment building at 222 East Chestnut Street in Chicago which has a gross annual rental in excess of $130,000. Defendant, 199, owns the vacant lot immediately east of and adjoining plaintiff's building. This building has one tier of eighteen six-room apartments, each with six windows, four facing east and two north, and all opening on the 199 tract. In the Circuit Court suit, 222 alleged special injury to its property, but the Supreme Court, with two justices disagreeing, held there was a failure of proof to support such a charge. In the instant proceeding the charge is again made that construction and establishment of a parking lot on 199's property would cause 222 special damage, such as noise, dust, and air pollution, and result in a diminution of the rental and sale value of the

548

property. After 222 had filed its supplemental pleading in the instant case, 199 filed a motion to strike the complaint and supplement and to dismiss the suit. The motion was allowed, and 222 thereupon again took a direct appeal to the Supreme Court which transferred the case here for determination.

██ ██ The principal question presented on this appeal is whether the judgment of the Circuit Court, as affirmed by the Supreme Court, is *res judicata* of the issues in the present suit. 222 contends that "the Supreme Court opinion and judgment . . . did not consider the merits of plaintiff's contention that the zoning board decision was erroneous, illegal, invalid, and null and void, but merely held that plaintiff lacked sufficient 'standing' to bring statutory administrative review of the decision, so that the merits of the board decision were before neither the Circuit Court nor the Supreme Court," and its counsel argue that it is a well settled principle of law that if a court decides against plaintiff by holding that plaintiff has prosecuted an unavailable remedy but does not pass on the merits, the judgment does not operate as *res judicata* to prevent plaintiff from suing for an available remedy. It is urged that the decision of the Supreme Court merely decided that the proof failed to establish that 222 had made a showing of sufficient "dollars-and-cents" damage to be a qualified party under the Administrative Review Act, and therefore lacked standing to bring administrative review; that the judgment of the Circuit Court was affirmed on this ground alone; and that the Supreme Court did not consider the merits of the case. However, it would certainly seem that a ruling against 222 that it failed to prove a material allegation as to special injury, is a ruling on the merits. The order of affirmance in the prior case was based on 222's complaint which it had adopted by reference in its present complaint and on the record

549

of the board of appeals, and necessarily adjudicated that the decision of the board of appeals, the city ordinances and statutes involved were valid. It has consistently been held that a former adjudication does not rest on the opinion of the court of review, but on the judgment of the trial court which has become final through affirmance. City of Elmhurst v. Kegerreis, 392 Ill. 195, 208–209; Pelouze v. Slaughter, 241 Ill. 215, 223; and the early case of Harmon v. Auditor of Public Accounts, 123 Ill. 122, 133–134, and various authorities cited therein.

We revert to the contention that the former suit is not *res judicata* of the instant proceeding because, as 222 claims, it has the right under section 73—9, as amended in 1953, to pursue its remedy for nonstatutory relief under "the long established remedy of equity, namely a suit for injunction." Although 222 sees a conflict between the Administrative Review Act and section 73—9 of the Cities and Villages Act, which allows private parties to sue to enjoin violations of the zoning ordinance, there is in fact no conflict. Section 73—9 is part of the provisions concerning zoning which also provide for administrative action concerning zoning. In other words, the zoning statutes contemplate administrative exceptions and review of administrative decisions under the Administrative Review Act.

Certainly, section 73—9 does not purport to give any right to attack a special use duly granted and upheld by judgment of a court of competent jurisdiction. It provides:

"In case any . . . land is used in violation of this article, or of any ordinance or other regulation made under the authority conferred thereby, the proper local authorities of the municipality, or any owner or tenant of real property in the same contiguous zoning district as the building or structure in question, in ad-

dition to other remedies, may institute any appropriate action or proceeding (1) to prevent the unlawful . . . use, (2) to prevent the occupancy of the . . . land, (3) to prevent any illegal act, conduct, business, or use in or about the premises, or (4) to restrain, correct, or abate the violation. . . ."

Apparently 222 ignores the absence here of a violation of the zoning ordinance because of the special use granted by the board of appeals and upheld by the Circuit Court. And since there is no violation of the zoning ordinance, there can be no action under section 73—9 of the Cities and Village Act because all persons in the class mentioned in that statutory section are necessarily concluded by the Administrative Review Act from claiming a violation of the zoning ordinance; each had the opportunity, as did 222, for an administrative review on proper showing in that proceeding. In the instant suit, in order for 222 to succeed, it would have been necessary for it to show that the decision of the board of appeals granting the special use and the ordinances and statutes involved were invalid before it could show a violation of the zoning ordinance which it could bring suit to enjoin.

The record shows that there was identity of parties and cause of action in the two suits. The question of the validity of the decision of the board of appeals was directly put in issue and decided by the court in the administrative review action. The identical queston is put into issue by the complaint in the present proceeding. The fundamental purpose of both proceedings was to restrain 199 from establishing and operating a parking lot adjacent to 222's apartment building.

Following oral argument, 222 filed a memorandum setting out the recent opinion of Drovers Trust and Savings Bank, Trustee, v. City of Chicago, Docket No. 35361, wherein the Supreme Court held that the frontage-consent provisions of the ordinances pertain-

ing to the property there in question were invalid and unconstitutional. However, in view of our conclusion as to the controlling issue in this case, this question need not be considered.

It having been determined that there was no violation of the zoning ordinance by operation of the parking lot, we hold there is no basis for action under section 73—9. Accordingly, the decree of the Superior Court is affirmed.

Decree affirmed.

BRYANT, P. J. and BURKE, J., concur.