Kane Ford Sales, Inc., Plaintiff, v. Frank Cruz, Defendant

and

Frank Cruz, Third-Party Plaintiff-Appellee, v. John W. Cox Insurance Agency, and Carl Schmidt, Individually, Oriol Del Swiger, an Individual, Third-Party Defendants-Appellants.

Gen. No. 69–95.

Second District.

January 22, 1970.

Alschuler, Putnam, McWethy, Weiss & Weiler, of Aurora, for appellants.

No brief for appellee.

MR. JUSTICE SEIDENFELD delivered the opinion of the court.

John W. Cox Insurance Agency, Carl Schmidt, and Oriol Del Swiger, (collectively referred to as the "Cox Agency"), third-party defendants below, appeal from a judgment entered by the magistrate in favor of Frank Cruz, third-party plaintiff.

The Cox Agency urges that an insurance agent, who procures a policy in a company that subsequently proves to be insolvent, is not liable without proof of breach of duty to exercise reasonable care in transacting the business entrusted to him; and that there is no evidence of breach of such duty to support the judgment.

Frank Cruz was the defendant in the suit of Kane Ford Sales, Inc. to recover the amount of an automobile repair bill. Cruz sued to recover damages from the Cox Agency for alleged negligent failure to obtain an insurance policy

which would be available to pay the repair bill. The evidence is uncontroverted that Cruz was insured by the Cox Agency in 1965; that in 1966 he received notice that his insurance was being cancelled because the Company he was then insured with was going out of business; that the agency promised to place him with another company and did, in fact, procure an "assigned risk" policy for Cruz from the Illinois Casualty Insurance Agency, Inc.; that a claim representative of Illinois Casualty authorized the repair after the accident, but became insolvent and did not pay the bill; and that the Cox Agency had no knowledge of the insolvency until it learned of the failure to pay the bill.

The evidence does not support the judgment and it must be reversed.

■■■■ An insurance broker is bound to exercise reasonable skill and diligence in the transaction of the business entrusted to him and he will be responsible to his principal for any loss resulting from his failure to do so. Johnston v. Otta, 340 Ill App 270, 275, 91 NE2d 468 (1950). However, absent proof that the agent in some manner breached his duty, he is not liable when the company in which the policy is procured later becomes insolvent. Gettins v. Scudder, 71 Ill 86, 89 (1873). See also 29 ALR2d, Annotated, pp 171, 182.

While no appellee's brief was filed, we have considered the entire record and can find no evidentiary support for the judgment below within the applicable rules of law.

We, therefore, reverse, and in view of the uncontroverted evidence, do not remand.

Reversed.

ABRAHAMSON and MORAN, JJ., concur.