Carl Roberson, Ilar Roberson and Willard E. Toler, d/b/a Roberson Brothers Lumber Company, Third-Party Defendant and Additional Third-Party Plaintiff-Appellee, v. Knupp Insurance Agency, Additional Third-Party Defendant-Appellant.

Gen. No. 69–77.

Fifth District.

July 16, 1970.

Rehearing denied August 10, 1970.

Garrison & Garrison, of Marion, for appellant.

Hanagan & Dousman, of Mt. Vernon and John H. Carter, of Anna, for appellee.

EBERSPACHER, J.

This is a tort action for indemnification alleging that the defendant insurance agency (hereinafter called "Knupp") negligently failed to procure Workmen's Compensation Insurance coverage as requested by the plaintiff and that this failure resulted in damage to the plaintiff in the amount of $18,793.74.

The case was tried by jury and resulted in a verdict for the plaintiff for $18,793.74. Judgment was entered on the verdict. The post-trial motion of the defendant seeking judgment notwithstanding the verdict, or in the alternative, a new trial, was denied and appeal is taken from the verdict and judgment entered thereon.

On August 5, 1960, William Jennings sustained injury arising out of and in the course of his employment while employed by L. H. Cavender cutting timber. An award was made by the Industrial Commission in the sum of $18,793.74, and a judgment was entered against Cavender on the award in the Circuit Court of Johnson County, Illinois, on November 12, 1964. On November 4, 1964, Cavender filed a third-party complaint against Carl Roberson, Ilar Roberson and Willard E. Toler, d/b/a Roberson Brothers Lumber Company (hereinafter called "Roberson Brothers"), alleging that on and prior to August 5, 1960, Cavender had paid premiums for Workmen's Compensation Insurance to Roberson Brothers covering himself and all persons working for him in connection with the work performed exclusively for Roberson Brothers; and that they accepted such premiums and held out to Cavender that such premiums would be applied to the overall premiums for Workmen's Compensation Insurance covering all Roberson Brothers' employees. The complaint asked judgment against Roberson Brothers for whatever sum might be adjudged against Cavender and in favor of Jennings. The answer of Roberson Brothers denied the material allegations of the complaint.

On July 7, 1965, Roberson Brothers filed their complaint against Knupp Insurance Agency (hereinafter called "Knupp") and Bituminous Casualty Corporation (hereinafter called "Bituminous"). The complaint was dismissed as to Bituminous and Knupp, but Roberson

Brothers were given leave to file an amended complaint against Knupp.

Roberson Brothers filed an amended complaint against Knupp, praying judgment for whatever amount may be adjudged against Roberson on the complaint of Cavender. Knupp filed a motion to dismiss the amended complaint of Roberson Brothers. An order was entered continuing the hearing on the motion of Knupp to dismiss the amended complaint of Roberson Brothers and all other pleadings until such time as a final judgment was entered on the complaint of Cavender against Roberson Brothers. On January 16, 1967, a judgment order was filed wherein Roberson Brothers were ordered to pay the amount of $18,793.74 to L. H. Cavender. Notice of the hearing on the complaint of Cavender against Roberson Brothers was not given Knupp and he did not know of the hearing. The motion of Knupp to dismiss the amended complaint of Roberson Brothers was denied.

Roberson Brothers, by their second amended third-party complaint as amended by interlineation on the day of trial alleged that Knupp failed to obtain riders, endorsements and amendments to Workmen's Compensation Insurance Policy No. 312635 and alleged that Roberson Brothers relied upon the advice of and procurement by Knupp of endorsements to said policy; and that the policy procured for plaintiffs by Knupp did not provide the benefits requested and that Knupp caused plaintiff and Cavender to rely upon the policy.

Two issues are raised on appeal: (1) That the Second Amended Third-Party Complaint (hereinafter called "complaint") does not state a cause of action as a matter of law, and; (2) That the verdict of the jury is contrary to the law and the evidence.

■■ Knupp contends that in order for Roberson to recover as indemnitee it must allege and prove the ac-

tionable facts which create the liability of Knupp as indemnitor. With this proposition we agree. 42 CJS, Indemnity, § 32(a)(2), p 618. The complaint refers to and incorporates by reference the judgment entered on the award to Jennings, the complaint of Cavender against Roberson and that Roberson had a claim against Knupp for whatever amount it may be required to pay to Cavender and prays for judgment against Knupp in that amount. The facts alleged are set forth above and it is our opinion that the complaint states a cause of action.

■ The well documented annotation in 29 ALR2d 175 sets forth the general proposition that when an agent or broker, who, with a view to compensation for his services, undertakes to procure insurance for another, and, unjustifiably or through his own fault or neglect, fails to do so, he is liable for any damages resulting therefrom. As stated in Johnson v. Illini Mut. Ins. Co., 18 Ill App2d 211, 216, 151 NE2d 634, 637 (1958):

> "If a broker neglects to procure insurance or does not follow instructions when obligated so to do, or if the policy obtained is void or materially defective through the broker's fault, or if the principal suffers damage by reason of any mistake or act of omission or commission of the broker, the broker is liable to his principal for any loss he may have suffered thereby."

■ The second contention of Knupp is that the verdict and judgment entered thereon are contrary to the law and evidence. The primary factual issue is whether Knupp assured Roberson he would obtain Workmen's Compensation Insurance which would cover Roberson and his employees and Cavender and his employees. Plaintiff's witness testified that either Knupp or a representative of Bituminous, in the presence of Knupp and in the presence of Cavender, assured them that their logging and lumbering operation would be covered. Knupp

and the Bituminous representative denied the meeting and conversation took place. An Exhibit showed that the premiums paid included a logging or lumbering operation. On cross-examination, the representative of Bituminous conceded, despite his earlier denial, that it was possible he had been at the mill during the period in question. The trial court who also heard and saw the witnesses, passed on the sufficiency of the evidence in denying defendants' motions for directed verdict at the close of plaintiff's case and at the close of all the evidence and the post-trial motion. Under these circumstances, the verdict of the jury, who saw the witnesses and were in much better position to weigh credibility than this Court, must stand. This proposition is so universally true as to need no citation.

Judgment affirmed.

MORAN and GOLDENHERSH, JJ., concur.