NATIONAL BOULEVARD BANK, Trustee, *et al.*, Plaintiffs-Appellants, *v.*
BROKERAGE RESOURCES, INC., Defendant-Appellee.
First District (3rd Division)    No. 61871

Opinion filed October 7, 1976.

Ruttenberg & Ruttenberg, of Chicago (David W. Ruttenberg, of counsel), for appellants.

Brundage and Garr, Ltd., of Chicago, for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

This suit originally was brought by plaintiffs as a declaratory judgment action in the circuit court of Cook County against their insurers and the defendant, Brokerage Resources, Inc. (hereinafter referred to as "Brokerage") for a declaration of rights concerning the nature and extent of insurance coverage under four policies for a fire loss to real estate owned by plaintiffs. A portion of the case was resolved by a declaration in the trial court that coverage was available for the loss and by a subsequent payment by the insurers. The balance of the suit on the issue of whether plaintiffs were entitled to recover damages from Brokerage for negligence was transferred to the law division of the circuit court. After a

trial without a jury, the trial court, on December 31, 1974, entered judgment for the defendant.

Plaintiffs were the owners of a building located at 347 West Dickens Avenue in the city of Chicago. In December 1970 they decided to remodel the building into four apartments at a cost of approximately $80,000. For this purpose and after discussions with Stephen Ware, an employee of Brokerage, the plaintiffs acquired fire and extended coverage insurance in the amount of $100,000. Brokerage, as general agent for the insurance companies, caused four policies to be issued, effective February 15, 1971, covering the premises in question for $100,000. Brokerage in the transaction acted as insurance broker for the plaintiffs.

On February 6, 1971, the Niedelsons, the beneficial owners, vacated the premises. On February 15, the remodeling began. Either late on April 15, 1971, or in the early hours of April 16, a fire destroyed a substantial portion of the premises. After an investigation, the four insurance companies, through an adjustment bureau, denied liability on the grounds that the premises were vacant for more than 60 days in violation of the terms of the policies.

On July 21, 1971, plaintiffs commenced the action for declaratory judgment and other relief against the four insurance companies and Brokerage. The four insurers filed an answer denying liability on the basis of the 60-day vacancy. Brokerage filed an answer in which it denied that the insurance companies' denial of liability was wrongful; it further denied that the plaintiffs had complied with all of the terms and conditions of the policies; and it asked that plaintiffs' suit be dismissed. The issue to be resolved in the declaratory judgment action was whether the 60 days' vacancy period was to be measured from the inception of the policies or from the inception of the vacancy. At the time of the filing of the suit, no Illinois reviewing court had ruled on the issue. During the pendency of this action, this court reversed a trial court finding and held that a preexisting vacancy prior to the issuance of a policy of insurance would be disregarded unless specific language in the policy provided otherwise. (*Kolivera v. Hartford Fire Insurance Co.* (1972), 8 Ill. App. 3d 356, 290 N.E.2d 356.) As a result of that decision, Judge Edward J. Egan, on July 31, 1972, granted summary judgment to plaintiffs, declaring that at the time of the loss the coverage provided under the policies was in full force and effect. After protracted negotiations, on July 16, 1973, the four insurers paid plaintiffs the sum of $45,700 in settlement. On August 14, 1973, plaintiffs' tort action against Brokerage was transferred to the law division. An amended complaint charged that Brokerage, by its employee Stephen Ware, was negligent in failing to have the proper vacancy endorsement placed on the fire insurance policies; that as a result of that

failure, the insurers denied liability; that payment on the loss was delayed for more than two years; and that the plaintiffs sustained substantial damage.

Brokerage moved to strike and dismiss the complaint on the grounds that Judge Egan's declaration that coverage existed demonstrated that Brokerage could not have been negligent. Brokerage further stated that the declaration absolved it of any responsibility thereof. After its motion to strike the complaint was denied, Brokerage filed an answer in which it stated that the four insurance companies' denial of liability was improper.

On December 30, 1974, the matter proceeded to trial. At trial it was agreed that none of the insurance policies contained an endorsement containing the coverage during the more than 60-day vacancy of the premises. Such a vacancy endorsement would have cost the plaintiffs an additional $50 for each two or three additional months.

Both Martin Niedelson and plaintiffs' attorney, David C. Ruttenberg, testified that in February 1971 they had a conversation with Stephen Ware, Brokerage's employee, and acquired the insurance in question. Both witnesses stated that they informed Ware that the premises would be vacant during the remodeling.

Stephen Ware testified that the above witnesses did not tell him that the premises would be vacant, nor did he have any knowledge that the premises would be vacant. Ware testified that at the time he accepted the order he did not inquire of anyone whether the premises would be vacant. He agreed that such information would be material to the risk. Ware further testified that the question of vacancy was "generally the seventh or eighth question down the line of questions. By that time you have gathered information to determine whether it is or is not vacant." Ware stated that it generally was not his custom to inquire of potential insurers whether their premises were to be vacant. Ware had been informed that $80,000 would be spent on the subject remodeling work. Ware also testified that he had been informed by John Vissering, agent of the insurance companies' adjustment bureau, that liability was denied because the premises had been vacant in violation of the policies. Vissering testified that the vacancy was the sole basis for denial of liability.

Lucie Niedelson, one of the plaintiffs, testified that in order to mitigate the consequences of the absence of insurance coverage, the plaintiffs were compelled to refinance other real estate owned by them in Chicago, as well as increase the mortgage loan on the subject property. They also borrowed money from one bank and extended the maturity of a loan at another bank. She testified that plaintiffs had incurred $14,274.62 in refinancing charges. Additionally the plaintiffs incurred attorneys' fees

and costs of $11,243.96 relative to their declaratory judgment action against the insurance companies.

At the conclusion of the case, the trial judge stated that he had a clear idea of what damages the plaintiffs were entitled to, if any. The judge also stated that he agreed with both sides that proximate cause was the issue in the case. The judge thereupon entered judgment in favor of Brokerage.

■■ We agree with the trial court that the matter of proximate cause is the narrow issue presented in this case. We believe, however, that the court's finding on that issue is contrary to the manifest weight of the evidence. The principle of law applicable to the present case was set forth by this court in the case of *Evan L. Reed Manufacturing Co. v. Wurts* (1914), 187 Ill. App. 378. There, at pages 385-86, the court stated as follows:

> "If an agent neglects to procure insurance or does not follow instructions when obligated so to do, or if the policy obtained is void or materially defective through the agent's fault, or if the principal suffers damage by reason of any mistake or act of omission or commission of the agent which constitutes a breach of duty to his principal, he is liable to his principal for any loss he may have sustained thereby."

See also *Johnson v. Illini Mutual Insurance Co.* (1958), 18 Ill. App. 2d 211, 151 N.E.2d 634; *Roberson v. Knupp Insurance Agency* (1970), 125 Ill. App. 2d 373, 260 N.E.2d 849.

■■ As a result of the mistake of omission of Brokerage's employee, Brokerage failed to obtain vacancy endorsements for the policies it acquired for plaintiffs. The uncontroverted testimony of both Ware and Vissering was that the sole reason for the insurer's denial of liability for the fire loss was the issue of vacancy. Consequently, it was undisputed that it was Brokerage's failure to obtain the vacancy endorsements which resulted in the four insurers' denial of coverage for the loss. At the time the insurers denied liability for the fire loss, they were not acting arbitrarily or capriciously. No reviewing court had addressed itself to the issue, and indeed a trial court had held that vacancy prior to the inception of the policies must be included in the computation of the 60 days' permitted vacancy. That holding subsequently was reversed by this court In *Kolivera v. Hartford Fire Insurance Co.* (1972), 8 Ill. App. 3d 356, 290 N.E.2d 356. It was only after the decision in *Kolivera* that Judge Egan granted summary judgment to plaintiffs on the issue that the policies covered the present fire loss. It is clear that in their original denial of liability the insurers were acting in good faith in posing a policy defense. It should be noted also that at the time plaintiffs filed the original declaratory judgment action Brokerage adopted the same position as the

insurers. In its original answer Brokerage denied that the policies provided coverage for the loss and prayed that the suit be dismissed. Brokerage breached the duty it owed to plaintiffs. Its breach of duty permitted the insurers to raise a policy defense. As a proximate result of this foreseeable conduct, plaintiffs were damaged.

Brokerage maintains that an issue of fact as to its liability was created which could only be resolved by the trial court. It points out that its employee, Stephen Ware, denied the testimony of Martin Niedelson and of plaintiffs' attorney that they had informed Ware that the premises would be vacant during the remodeling. Ware also testified that he did not know that the premises would be vacant. Whether or not the trial judge rejected the testimony of plaintiffs' two witnesses on this issue is of no significance. Ware testified that a building's vacancy is material to its insurance risk. He indicated that the question of vacancy was the seventh or eighth question which should be asked by a broker in setting up a policy. Ware also knew that the remodeling would cost $80,000, and that it would be extensive. Notwithstanding this testimony, he admitted that he made no inquiry as to whether the building would be vacant during the remodeling. Ware's own testimony reveals that he, Brokerage's agent, had a clear duty to learn whether the premises were to be vacant, and that he breached that duty.

For the reasons stated, the judgment of the circuit court of Cook County is reversed and the cause is remanded with directions to enter judgment in favor of plaintiffs and to assess damages proved and recognized by the trial judge.

Judgment reversed and cause remanded with directions.

MEJDA, P. J., and DEMPSEY, J., concur.