ANFINSEN PLASTIC MOLDING CO., Plaintiff-Appellant, *v.* VINCE KONEN *et al.*, Defendants-Appellees.

Second District · No. 78-95

Opinion filed February 5, 1979.

John R. Wienold, of Puckett, Barnett, Larson, Mickey, Wilson & Ochsenschlager, of Aurora, for appellant.

Robert Marc Chemers and Joseph B. Lederleitner, both of Pretzel, Stouffer, Nolan & Rooney, of Chicago, for appellees.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

This appeal from a judgment dismissing a complaint essentially questions whether the matters which the plaintiff Anfinsen Plastic Molding Co., Inc. (Anfinsen), sought to litigate had been adjudicated by a previous case decided in this court. *Aetna Life & Casualty Co. v. Anfinsen Plastic Molding Co.*, 47 Ill. App. 3d 146 (1977).

Briefly, in the earlier case Anfinsen claimed that a workmen's compensation policy issued by Aetna Life & Casualty Insurance Co., Inc. (Aetna), to it was a three-year policy which the insurance company wrongfully canceled when Anfinsen refused to pay an additional charge based on loss experience after the first year. In that case the trial court

found that the contract was "a three year retrospective plan," but that it was written only for a one-year period; that under the plan Anfinsen was required to pay a deposit premium initially with the actual full premium determined at the end of the policy period; that an agreement not to cancel could not be inferred from a mere act of offering a three-year plan; and that there was no evidence that the insurance broker, Vince Konen, or anyone else on behalf of Aetna had represented that the policy would not be canceled prior to the end of the three-year period. We affirmed.

Thereafter Anfinsen sued Vince Konen and the Vince Konen Insurance Agency (Konen) charging that Konen had led it to believe that the insurance contract, found to be a one-year policy, was actually a three-year policy or, alternatively, Anfinsen charged that Konen had breached an oral agreement with Anfinsen by failing to procure the three-year contract which Anfinsen had requested. Konen moved to dismiss on the theory that the prior litigation involving Anfinsen and Aetna was an adjudication of the plaintiff's rights and liabilities in the instant matters, and that, therefore, the plaintiff was collaterally estopped from seeking to litigate these matters anew. On November 14, 1977, the trial judge granted the defendants' motion to dismiss stating no reasons. This appeal followed.

■■ We first conclude that the order of dismissal cannot be supported on the basis of the doctrine of estoppel by verdict or collateral estoppel.

■■ Most commonly the doctrine has been stated:

> "Where some controlling fact or question material to the determination of both causes has been adjudicated in the former suit by a court of competent jurisdiction and the same fact or question is again at issue between the same parties, its adjudication in the first cause will, if properly presented, be conclusive of the same question in the later suit, irrespective of the question whether the cause of action is the same in both suits or not." (*Hoffman v. Hoffman*, 330 Ill. 413, 417 (1928).)

(See also *Murphy v. Rochford*, 55 Ill. App. 3d 695, 703 (1977).) Since it does not appear that Konen was either a party to the previous action or in privity with a party in that action, he may not invoke the doctrine as a bar.

Both parties have assumed that the rule of mutuality of estoppel has been or should be discarded with the result that anyone may be allowed to invoke a prior adjudication against a party who participated in it, at least where a litigant seeks to use the prior judgment merely as a "shield." (See, *e.g., Riley v. Unknown Owners*, 25 Ill. App. 3d 895, 899 (1975).) However, it appears that the Illinois Supreme Court has never modified the rule of mutuality of estoppel set forth in *Hoffman v. Hoffman* (1928), 330 Ill. 413, 417. See *People v. Williams*, 59 Ill. 2d 557, 561 (1975); see also *Consolidated Distilled Products, Inc. v. Allphin*, 73 Ill. 2d 19, 25-26 (1978).

██ An exception has been recognized to the mutuality of estoppel rule. Where a party's liability arises solely by reason of another's act or omission, a judgment exonerating the immediate actor can be invoked by the party who would have been derivatively liable. (See *Anderson v. West Chicago Street R.R. Co.*, 200 Ill. 329, 335-37 (1902); *Voss Truck Lines, Inc. v. Pike*, 350 Ill. App. 528, 535 (1953); *Towns v. Yellow Cab Co.*, 73 Ill. 2d 113, 123-24 (1978).) However, in the first action Anfinsen did not seek by counterclaim or cross-claim to hold Aetna derivatively liable for any alleged acts of negligence on Konen's part. Rather, Anfinsen sought to defend itself by holding Aetna contractually bound to fulfill certain alleged promises made by its supposed agent, Konen.

However, even if Konen were able to invoke the doctrine of collateral estoppel it appears that the prosecution of this case would not be barred. The prior litigation dealt with two questions. First, was Konen an agent of the Aetna company, with the authority to modify prospective contracts of insurance; and second, if so, did he make any oral representations to Anfinsen's president to the effect that the contract in question was a three-year contract, that it could not be canceled during the three-year period, or that the premium could not be raised during that time? The trial judge in the earlier case assumed that Konen was an agent of Aetna, as Anfinsen had pleaded in that case, but found that an agreement not to cancel could not be inferred from the fact that Konen offered a three-year plan with no evidence of representations by Konen or anyone else on Aetna's behalf that Aetna would not cancel.[1]

██ The findings of fact made by the trial judge in the earlier case, however, would not necessarily mean that Konen as Anfinsen's agent was free from negligence in failing to explain more clearly to Anfinsen's president the exact import of the contract of insurance in question as Anfinsen now charges. Further, the finding of fact in the earlier case would not necessarily contradict Anfinsen's present argument that its president had asked Konen to obtain a workmen's compensation policy which could not be canceled for a three-year period and which would provide for a fixed premium which could not be raised during the three-

---

[1] It should be noted that even if the trial court in the first action had found that Konen was an agent of the Aetna company with the requisite authority and that he, in fact, had made oral representations contrary to the provisions of the written contract, those oral representations would have been inadmissible to vary the terms of the written contract because of the parol evidence rule. (*Western Illinois Oil Co. v. Thompson*, 26 Ill. 2d 287, 291 (1962).) Thus, Anfinsen, in the prior litigation, could escape liability only by an equitable reformation of the written contract. (47 Ill. App. 3d 146, 150.) There, however, was neither a showing of a mutual mistake nor a unilateral mistake coupled with fraud as grounds for equitable reformation. See *319 South La Salle Corp. v. Lopin*, 19 Ill. App. 3d 285, 289-90 (1974).

year period and that Konen as its agent breached the contractual obligation to obtain for Anfinsen the type of policy which its president had requested. As we have recently held:

"As a general rule an insurance broker is bound to exercise reasonable skill and diligence in the transaction of the business entrusted to him and will be responsible to his principal for any loss resulting from his failure to do so. (*Kane Ford Sales, Inc. v. Cruz*, 119 Ill. App. 2d 102, 104 (1970).) In this regard we observe that the primary function of an insurance broker as it relates to an insured is to faithfully negotiate and procure an insurance policy according to the wishes and requirements of his client. (*City of Chicago v. Barnett*, 404 Ill. 136, 141 (1949); *Galiher v. Spates*, 129 Ill. App. 2d 204, 206-07 (1970).) This is, in fact, also the function which the insurance broker is licensed to perform. Ill. Rev. Stat. 1975, ch. 76, pars. 1065.37, 1065.39.

The law places a particular burden on an insurance broker to exercise competence and skill when he renders the service of procuring insurance coverage. (See *National Boulevard Bank v. Brokerage Resources, Inc.*, 42 Ill. App. 3d 940, 943 (1976); *Gothberg v. Nemerovski*, 58 Ill. App. 2d 372 (1965); *Hardt v. Brink*, 192 F. Supp. 879 (W.D. Wash. 1961); Annot., 72 A.L.R.3d 704, 706 (1976); Annot., 72 A.L.R. 3d 747 (1976).) There are also cases related to the procuring of insurance coverage where a broker may be held responsible for statements or conduct which lead the insured to believe, that, for example, a cancellation notice will not be effective. See Annot., 3 A.L.R. 3d 1135 (1965)." (*Pittway Corp. v. American Motorists Insurance Co.*, 56 Ill. App. 3d 338, 346-47 (1977).)

Whether in a trial of the case the plaintiff will be able to prove the allegations it has made in its pleading is not before us of course, but we view the complaint as pleading a cause of action which should have survived a motion to dismiss.

■■ We comment briefly on several additional points raised by Konen. Konen points to the fact that in our previous opinion we commented that the evidence did not "in our opinion, sustain the theory that Aetna's agent or employee was responsible for [any] misunderstanding, either negligently or deliberately." (47 Ill. App. 3d 146, 150.) The scope of a former adjudication does not rest on the opinion of the court of review but on the judgment of the trial court. *222 East Chestnut Street Corp. v. 199 Lake Shore Drive, Inc.* 24 Ill. App. 2d 545, 550 (1960).

■■ As the supreme court noted in its opinion in *Department of Transportation v. Shaw*, 68 Ill. 2d 342, 347-48 (1977):

" 'To operate as an estoppel by verdict it is absolutely necessary

that there shall have been a finding of a specific fact in the former judgment or record that is material and controlling in that case and also material and controlling in the pending case. It must also conclusively appear that the matter of fact was so in issue that it was necessarily determined by the court rendering the judgment interposed as a bar by reason of such estoppel. If there is any uncertainty on the point that more than one distinct issue of fact is presented to the court the estoppel will not be applied, for the reason that the court may have decided upon one of the other issues of fact.' "

Here from the record of the first case it does not appear at all certain that the trial judge in the first action found that Konen, if he were Anfinsen's agent, was not negligent in procuring the insurance in question; nor does it appear at all certain that the trial judge found that Konen did not breach any contractual obligation he may have had as Anfinsen's agent to procure a three-year policy.

Konen has also argued that Anfinsen is bound by its verified pleading in the previous case in which it alleged that Konen was Aetna's agent and cannot now claim Konen to be Anfinsen's agent. The allegation in the prior pleading is, of course, an evidentiary admission and as such could be offered in evidence by Konen. (See, *e.g.*, *Bevelheimer v. Gierach*, 33 Ill. App. 3d 988, 995-96 (1975).) But the prior pleading is not a judicial admission in this case. (See McCormick on Evidence §262, at 630 (2d ed. 1972).) Further, a person can be an agent for two persons at the same time so long as he reveals the fact of his dual agency to both parties. (*Warner v. Young*, 308 Ill. 239, 241 (1923).) Thus the allegation in the prior suit that Konen was Aetna's agent does not preclude the fact that he was also Anfinsen's agent.

Konen has also argued for the first time in this appeal that the action is barred by the five-year limitations period (Ill. Rev. Stat. 1977, ch. 83, par. 16). The statute of limitations is an affirmative defense which must be pleaded and proved by defendant. (*Book v. Ewbank*, 311 Ill. App. 312, 318-19 (1941).) It cannot be raised by an appellee in any event for the first time in the appellate court. *City of Chicago v. Vickers*, 8 Ill. App. 3d 902, 903-04 (1972).

The judgment of the trial court is therefore reversed and the cause remanded with directions to vacate the order dismissing the complaint and to proceed in accordance with this opinion.

Reversed and remanded with directions.

NASH and LINDBERG, JJ., concur.