James S. SINEX, Plaintiff,

v.

Andrew K. WALLIS and Norgas Sales & Service, Inc., Defendants and Third–Party Plaintiffs,

v.

W.S.P. COMBS, JR. AGENCY, Ellen Combs Davis, Aetna Life and Casualty Company, and Utica Mutual Insurance Company, Third–Party Defendants.

Superior Court of Delaware, New Castle County.

Submitted: Oct. 9, 1990.
Oral Decision: Dec. 3, 1990.
Written Decision: March 6, 1991.

---

**32**

Scott E. Chambers of Schmittinger and Rodriguez, Dover, for defendants and third-party plaintiffs.

Robert K. Pearce of Trzuskowski, Kipp, Kelleher & Pearce, P.A., Wilmington, for third-party defendants W.S.P. Combs, Jr., Agency, Ellen Combs Davis and Utica Mut. Ins. Co.

## OPINION

HERLIHY, Judge.

Plaintiff James S. Sinex [Sinex] brought a personal injury action for damages against Andrew K. Wallis [Wallis] and his employer Norgas Sales & Services, Inc. [Norgas]. It is alleged that on July 1, 1981, while driving a Norgas truck, Wallis was involved in a motor vehicle accident resulting in injuries to Sinex.

Norgas, in turn, filed a third-party action against its then-insurance agency W.S.P. Combs, Jr., Agency [Combs Agency], its employee/agent Ellen Combs Davis [Davis], Utica Mutual Insurance Company [Utica], the Combs Agency's errors and ommissions carrier, and Aetna Life and Casualty Company [Aetna]. Aetna was the carrier for Norgas at the time of the accident. Where appropriate, the Combs Agency and Davis will be referred to as "Combs".

Norgas contends that Combs breached a duty owed by an insurance agent to its insured by failing to obtain more than the then-minimum motor vehicle, no fault coverage of $10,000 for any one person and $20,000 for all persons injured in any one accident [10/20]. 21 *Del.C.* § 2118(a)(2)(b) (amended January 1984 to $15,000 and $30,000, respectively, 64 *Del.Laws* Ch. 198). Combs denies any breach of duty to Norgas.

Utica and Combs have moved for summary judgment. Norgas does not oppose the motion as it relates to Utica, since Utica has undertaken Combs' defense. It does oppose the motion as to Combs. Aetna is unaffected by the motion and is not a party to it, either in support or in opposition.

The issues before the Court are the duty owed by an insurance agent to an insured, the duty Combs owed to Norgas and whether that duty was breached in this case.[1] This issue appears to be one of first impression in Delaware. For the reasons stated herein, the motion of Combs and Utica is GRANTED.

## I. FACTS

In 1976, as a result of a prior personal family friendship, Joseph Chas [Chas], Norgas' President, went to Davis at the Combs Agency to place his business' insurance. Norgas has trucks which are used to transport propane gas. Chas wanted to obtain no-fault coverage for these vehicles. He asked Davis to get enough insurance to meet Norgas' needs. A 1976 application for insurance by Chas indicated Norgas was getting its own coverage for the risk of carrying propane gas. Chas assumed Davis would know what his company's needs were.

Davis did not discuss a specific amount of coverage with Chas nor did he ever request a specific amount of coverage. Davis has testified that during this period, it was her practice to routinely recommend to her business customers coverage higher than the 10/20 minimum. She does not recall whether she had such a discussion with Chas. Davis procured the 10/20 coverage for Norgas, which Norgas renewed annually for the next five years, without

---

1. There is a difference between an insurance broker and an insurance agent. 18 *Del.C.* §§ 1702 and 1703. *Allstate Auto Leasing Co. v. Caldwell,* Del.Super., 394 A.2d 748 (1978). The record here indicates that the Combs Agency is and was acting as a broker. However, for purposes of this decision, agent and broker are used interchangeably.

requesting a change in the amount of coverage.

## II. LEGAL STANDARD

Summary judgment may only be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Pullman, Incorporated v. Phoenix Steel Corporation*, Del.Super., 304 A.2d 334 (1973). All facts and inferences are considered in the light most favorable to the non-moving party. *Schultz v. Delaware Trust Co.*, Del.Super., 360 A.2d 576 (1976).

## III. DISCUSSION

■ Ordinarily, an insurance agent assumes only those duties normally found in an agency relationship. This includes the obligation to use reasonable care, diligence and judgment in procuring the insurance requested by the insured. *Jones v. Grewe*, 189 Cal.App.3d 950, 234 Cal.Rptr. 717 (1987); 3 *Couch on Insurance.* 2d.Ed. § 25:37. The agent assumes no duty to advise the insured on specific insurance matters merely because of the agency relationship. 16A Appleman, *Insurance Law and Practice*, § 8836 at 64–66.

■ On the other hand, an expanded agency or relationship creating a greater duty of the agent to the insured may arise, when an agent holds himself or herself out as an insurance counselor or specialist and is receiving compensation apart from the premium(s) paid. *Sandbulte v. Farm Bureau Mut. Ins. Co.*, Iowa Supr., 343 N.W.2d 457 (1984).

■ In this case, viewing the evidence most favorably to Norgas, there is nothing to indicate the Combs Agency and/or Davis held themselves out as insurance counselors or specialists or that they received compensation above the premiums paid. Further, Norgas does not argue that an enlarged or expanded duty existed. It rests its allegation of breach on the customary duty of care owed to an insured.

■ As to that allegation, Chas requested Davis to get enough no-fault coverage as Norgas needed.

An insurance contract arises out of the insured's desire to be protected in a particular manner against a specific kind of obligation. It is his responsibility to adequately convey, albeit in laymen's terms, the nature of his wishes, in order to obtain the protection requested. An insured need not insure himself against every obligation which may arise. He need not carry all his insurance with one agent, nor all his insurance of the same general nature with one agent. An agent may point out to him the advantages of additional coverage and may ferret out additional facts from the insured applicable to such coverage, but he is under no obligation to do so; nor is the insured under an obligation to respond. *Hill v. Grandey*, Vt.Supr., 321 A.2d 28, 34 (1974). It is the duty of an insured to advise the agent of the insurance he or she wants, including the limits of the policy to be issued. *Manzer v. Pentico*, 209 Neb. 364, 307 N.W.2d 812, 813 (1981). Therefore, under the relationship between Chas and Davis (or Norgas and Combs), the duty to request a specific amount of coverage rested on Chas.

■ Chas requested enough insurance to cover Norgas' needs. However, an insured's request for "sufficient coverage" does not expand the relationship between the agent and the insured. *Sandbulte*, 343 N.W.2d at 465. Nor does a request by a homeowner for an agent to obtain the "best policy" create an expanded duty. *Nowell v. Dawn–Leavitt Agency*, 127 Ariz. 48, 617 P.2d 1164, 1168–69 (1980). An expanded duty of care does not arise when the agent says that coverage is adequate. *Jones*, 234 Cal.Rptr. at 721.

■ The agency relationship here involved personal and business insurance obtained by Chas through Davis over a period of nine years. While Norgas argues breach of the ordinary duty owed to an insured, this circumstance might imply a higher standard. However, an expanded duty of care is not created by an insured

who deals with a particular agent over a period of years. *Collegiate Mfg. Co., v. McDowell's Agency, Inc.,* Iowa Supr., 200 N.W.2d 854 (1972).

■ Norgas also argues that based on Chas' friendship with Davis, Chas assumed Davis would know what Norgas' insurance needs were. Such assumption of knowledge cannot be used to place on the agent a liability which could virtually make the agent an insurer of last resort of all the insured's risks. Therefore, since the responsibility to impart the necessary information rests on the insured, the assumption that the agent, in the ordinary relationship, would know the insured's needs does not create an expanded duty. Nor does the agent breach the ordinary standard of care because of the insured's assumption. *Jones,* 234 Cal.Rptr. at 721.

Norgas cites various cases in support of its argument that Combs violated the ordinary duty of reasonable care, diligence and judgment. They do not support Norgas' contention. *Consolidated Sun Ray, Inc. v. Lea,* 401 F.2d 650 (3rd Cir.1968), *cert. denied* 393 U.S. 1050, 89 S.Ct. 688, 21 L.Ed.2d 692 (1969) (duty to exercise care owed by reasonable and prudent broker was breached when agent failed to follow *explicit* instructions of insured); *Port Clyde Foods, Inc. v. Holiday Syrups, Inc.,* S.D.N.Y., 563 F.Supp. 893 (1982) (breach of broker's duty to provide skill, care and diligence found when insurance agent failed to discover that specifically requested coverage had not been provided by insurer); *Roberson v. Knupp Ins. Agency,* Ill.App., '125 Ill. App.2d 373, 260 N.E.2d 849 (1970) (breach found when policy did not provide coverage specifically requested); and *Karam v. St. Paul Fire and Marine Ins. Co.,* La.Supr., 281 So.2d 728 (1973) (breach found when insured requested $100,000 coverage but agent erroneously obtained $10,000). These cases are inapposite because the agents there failed to follow specific requests for certain types of coverage. That is not the case here. Norgas admits that it never requested any specific amount of coverage.

Norgas also cites *Hardt v. Brink,* S.D.Wash, 192 F.Supp. 879 (1961), as authority for its claim against Combs. There are several factors which make that case distinguishable. First, the insured mentioned the existence of a lease to his agent when discussing business insurance which, it was held, put the agent on notice of the need to get a specific type of insurance. He did not do so. Second, the *Hardt* court determined the agent had held himself out as an insurance expert, in effect, expanding the duty owed to insureds.

Neither of these factors exist here. Norgas has not argued that Combs held itself as an expert. Chas' request for enough insurance, assuming that is how it was expressed, is not the same kind of "red flag" the *Hardt* court found.

A third factor making *Hardt* distinguishable is that it appears to be, in part, a legal aberration and has not been generally followed. *See Nowell,* 617 P.2d at 1168. An examination of the authorities cited by the parties and others found by the Court supports that observation.

■ Therefore, the Court finds that the factual record, read in a light most favorably to Norgas, demonstrates Combs did not breach the duty owed to Norgas to exercise reasonable care, diligence and judgment. There being no genuine issue of material fact and Combs being entitled to judgment as a matter of law, the motion for summary judgment is GRANTED.